[No. 3609.]

POOLE v. LOWE ET AL.

1. NOTICE—KNOWLEDGE WHICH WILL PUT ONE UPON INQUIRY.

One for whose benefit an unrecorded deed is given, to third parties for his security cannot assert a superior claim to the premises thus conveyed as against one who acquires an interest therein without notice of the rights of the person for whose benefit such deed was given, nor is knowledge that such deed is given for the indemnity of the grantees in such deed notice of the rights of the real party in interest, nor does such knowledge put the party obtaining it upon inquiry as to who the real party in interest may be.

2. RIGHTS ACQUIRED BY FORECLOSURE UNDER AGREEMENT.

A foreclosure of a deed of trust under an agreement that a third party shall take the title at the foreclosure sale as trustee for the benefit of the holder of the note secured by such deed of trust and others interested in the title, and thereafter sell the same, or negotiate a loan thereon, vests the title in such trustee subject to the right of the holder of the note, to be repaid from such property the amount represented by such note for which such holder has a lien relating back to the deed of trust under which such title was acquired, and as to others interested in the title such trustee holds the title subject to such right of the holder of the note, and likewise subject to any liens thereon created by such interested parties.

3. SECURITY—SUBROGATION OF CREDITOR.

When a debtor has given security to his surety for the indemnity of the latter only, the creditor is entitled to the benefit of the same, and may, by proceedings commenced in equity, before the surety has, in good faith, surrendered or discharged such security, subject it to the payment of his debt.

4. SAME.

Where security is given by a debtor for the indemnity of his surety only, there is no element of trust in such security in favor of the creditor until he has taken proper steps to subject it to the payment of his claim. And until the creditor has taken such steps, the surety has a right to release any such security.

*Appeal from the District Court of Arapahoe County.*

Mr. A. W. HILLE, for appellants.

Messrs. DOUD & FOWLER, for appellee.

MR. JUSTICE GABBERT delivered the opinion of the court.

November 16, 1892, John M. Berkey & Company executed and delivered their note, payable in sixty days, with John C. Montgomery and Donald Fletcher as guarantors thereon, to appellant Poole. By deed of even date, the makers of this note conveyed to the guarantors a three-fourths interest in certain real estate which, it is claimed by appellant, was to secure the payment of the above note, while, on behalf of appellee Perkins, it is contended this conveyance was only to indemnify the guarantors. This conveyance was subject to an incumbrance on the entire property, in the sum of $4,000, and the deed so recited, except that it specified the amount thereof in the sum of $3,000, which was the prorate snare on the interest conveyed. The deed did not show upon its face that it was given as security for any purpose. March 4, 1893, Berkey & Company and one E. C. Gilman entered into an agreement, by the terms of which it was, in effect, provided that the latter should purchase the note secured by the incumbrance mentioned in the above deed; cause the deed of trust securing such note to be foreclosed, and if the property at the foreclosure sale did not sell for a sum in excess of a specified amount, one Holland should become the purchaser, as trustee for the parties to this agreement, and out of the proceeds of a sale thereof, Gilman was to be paid a sum sufficient to discharge the note by him so purchased, and the remainder paid to the heirs of Brown, deceased, who were the owners of the other one-fourth interest in the property, or, in case such sale was not made, a loan upon the property was to be effected by Berkey & Company, Gilman paid, from the proceeds thereof, a part of the amount represented by such note; the property conveyed by Holland to Berkey & Company and by them a one-fourth interest conveyed to Gilman, subject to this new incumbrance. At the foreclosure sale, Holland was not to be required to pay any money to either of the parties to the agreement or the heirs of Brown, deceased, but that they and

the administratrix of the Brown estate should receipt for the amount respectively due each from such sale, so that the trustee in the deed of trust might convey to Holland. This agreement was never recorded. April 5, 1893, the deed of trust was foreclosed, and the property purchased by Holland under the above agreement, and a deed executed by the trustee to him. By conveyance from Holland and one from Montgomery and Fletcher, the record title to the premises became vested in Lowe, June 10, 1893, who executed a deed of trust to Ferguson for the use of appellee Perkins, to secure the latter the payment of a note representing a loan in the principal sum of $6,000. Thereafter, Lowe reconveyed to Montgomery and Fletcher a three-fourths interest in the premises, subject to this incumbrance. The proceeds of this loan, after paying the amount represented by the note purchased by Gilman, redeeming from tax sales, and paying expenses, were divided *pro rata* among the parties in interest, Montgomery and Fletcher receiving three fourths, which was applied by them on the Poole note.

September 4, 1894, appellant commenced his action to foreclose the deed given by Berkey & Company to Montgomery and Fletcher, averring in his complaint that it was given as security for the payment of the Berkey & Company note. To this action Lowe, Ferguson and Perkins, and, also, Montgomery and Fletcher, were made parties defendant, it being alleged that the interest of the three first named was acquired with notice that the deed sought to be foreclosed as a mortgage was, in fact, given to secure the payment of this note. For answer the defendants Ferguson and Perkins, *first*, put in issue these allegations of the complaint; *second*, alleged that on the date the loan was made by Perkins the title to the property, as shown by the records, was vested in Lowe, free of incumbrance, and having no knowledge regarding the status of the title except as it appeared of record, he loaned the sum of $6,000, taking as security therefor a deed of trust from Lowe; *third*, averred the giving of the deed of trust named in the deed from

Berkey & Company to Montgomery and Fletcher; the fore-closure thereof; the purchase by Holland as trustee under the agreement made by Berkey & Company and Gilman; the application by Berkey to Perkins for a loan on the prem-ises standing in the name of Holland; and that, at the re-quest of the parties to that agreement and Montgomery and Fletcher, with the knowledge and consent of appellant, Hol-land conveyed to Lowe, with the intention of all that the latter should execute a deed of trust for the benefit of Per-kins; the subsequent execution and delivery of such instru-ment; the loan by Perkins upon this security; the payment of a part of the proceeds thereof to Gilman; the application of a portion of such proceeds upon the note of appellant, and the conveyance of Montgomery and Fletcher to Lowe, with the knowledge and consent of appellant.

By replication the affirmative averments of the several defenses were put in issue. On the trial of these issues, the court found that the Berkey & Company deed was exe-cuted and delivered to Montgomery and Fletcher as security for their guaranty of the former's note; rendered judgment against the parties thereto for the amount due thereon; sub-rogated appellant to the rights of the grantees in the deed; decreed a foreclosure thereof, and adjudged the lien of appel-lant junior to that of the deed of trust executed by Lowe. The correctness of this finding is challenged by counsel for appellant, and the decree of the court, adjudging the lien of appellant junior to that of appellee Perkins, is assigned as error.

The only question to determine is, what is the relative rank of these liens? The court made, so far as disclosed by the record, but the one special finding above noted. This finding was clearly warranted by the evidence, and if it could be successfully urged that it was not sufficient upon which to base the judgment, in so far as it fixed the relative rank of the respective liens, the evidence in the record war-rants the presumption that the trial court, in reaching its conclusion, respecting these liens, further found that Per-

kins' knowledge regarding the status of the title at the time
he made the loan, was limited to that obtained from the
records, with the exception that his agent, Barnard, who
acted for him in negotiating the loan, was advised that the
Montgomery and Fletcher deed was held by them for their
security; that the records disclosed at the time Lowe deliv-
ered his deed of trust the title to the property vested in him,
free and clear of all incumbrance; that Perkins, at the time
of making the loan, had no notice, either actual or construc-
tive, of the existence of the agreement made by Berkey &
Company and Gilman, nor the rights of those for whom Hol-
land was trustee; that appellant Poole knew this loan was
being negotiated; that he was to receive his *pro rata* share
of the proceeds thereof in excess of the sum necessary to
pay the amount represented by the note purchased by Gil-
man, and did receive such share with knowledge that the
property had been pledged therefor; that Perkins had no
notice or knowledge whatever of Poole's rights or claims;
that from the status of the record title, and the condition of
the Montgomery and Fletcher deed, Poole must have known
that Perkins believed, at the time he made his loan, that he
was obtaining a first lien upon the property as security
therefor, and gave him no notice whatever of his claim or
rights in the premises.

Counsel for appellant urges in argument that the fore-
closure sale under the deed of trust mentioned in the deed,
through which appellant claims his rights, was not in good
faith; that this sale, by reason of the agreement between
Berkey & Company and Gilman, resulted in a cancellation of
the lien of this deed of trust, and vested the title to the
property in Holland as the trustee of Berkey & Company,
free and clear of this lien; and that the sale was void, be-
cause there was no consideration therefor. There is nothing
in the record from which it can be inferred that any of the
parties to this agreement were acting in bad faith, or thereby
intended to perpetrate a fraud. Except for this agreement,
the purchaser at the foreclosure sale would have taken title

free of any equities in favor of those whose rights were junior to those represented by such deed of trust. The consideration for the sale was the cancellation of the note secured by this deed of trust, and such sale, by virtue of the agreement, vested in Holland the title to the property as the trustee for Gilman and Berkey & Company, the interest of the latter being subject to the rights of Montgomery and Fletcher by virtue of their deed, which equities of Berkey & Company and Montgomery and Fletcher would be subject to any liens then in existence against them, as to those having notice or knowledge thereof; that all these rights were subject to that of Gilman, to be repaid from the property the amount represented by the note secured by the deed of trust, and for this he had a lien which related back to the conveyance through which such lien was acquired. Appellant was bound to know the status of the record title to the premises in which he claimed an interest. This record did not disclose that he had any interest whatever. Perkins had no knowledge respecting this title, except as above noted; no notice of Poole's claims. The latter knew a loan was being negotiated upon the property, of which he was to receive a part of the proceeds, yet took no steps to advise Perkins of his interest therein. The money thus loaned was, in part, used to discharge a lien acquired through a deed of trust which, by the very terms of the deed under which appellant asserts his claim, was prior to his; and of the remainder of the proceeds of this loan, he has received his *pro rata* share. Perkins knew nothing of the agreement under which Holland acquired title, or the rights of those for whom he was trustee; and therefore, as to him, the absolute title to the premises was vested in Holland, and by conveyance from him, in Lowe; and appellant is now estopped from asserting a right superior to that of Perkins, regardless of the purpose for which the deed was given under which he now makes claim. There is not an equity in favor of appellant in addition to those recognized by the trial court, and under the facts as disclosed by the record, he cannot be heard to complain of

an agreement of which he has had the full benefit, that preserved for him an equity in the property, and without which his right in the premises would have ceased to exist after the deed of trust foreclosure.

The one special finding of the trial court above noticed, in connection with the facts as shown by the record, that this action was not commenced until after the deed of trust securing the Perkins loan was executed, delivered and recorded, and after the conveyance by Montgomery and Fletcher to the party executing this instrument, was sufficient for the trial court to base its judgment upon respecting these liens.

When a debtor has given security to his surety for the indemnity of the latter only, the creditor is entitled to the benefit of the same, and may, by proceedings commenced in equity, before the surety has, in good faith, surrendered or discharged such security, subject it to the payment of his debt. *Rankin et al. v. Wilsey et al.*, 17 Iowa, 463; *Jones v. Quinnipiac Bank*, 29 Conn. 25. In such case the right of the creditor is derived through and not independent of, the surety, and the creditor seeking to enforce his claim against the surety, is in equity entitled to subject to the payment of his debt security then subsisting for the personal indemnity of the surety to the same extent the latter would had he discharged the debt. There is no element of trust in a security of this character in favor of the creditor until he takes steps, by an appropriate action, to subject it to the payment of his claim; such a security is not, by its own vigor, devoted or appropriated to the payment of the debt, but only to the indemnity of the surety in the event he should sustain loss by reason of his guaranty of the principal debt; and as courts enforce contracts, or give redress for violation of them, as made by the parties, and cannot by construction, enlarge them beyond their fair intent and meaning, it follows that in subrogating the creditor to the surety's place as to any security given him, the rights of the former, in such security, will be limited to that existing in favor of the surety at

the time action is commenced against him to recover the debt, and subject to the payment thereof the security by him then held as indemnity against loss on account of his suretyship. Appellant having accepted Montgomery and Fletcher as guarantors on the note, had no claim upon them to procure further security for him; nor was it any concern of his that they did or did not indemnify themselves against a debt for the payment of which they were only guarantors. Such an arrangement was the subject of contract between the principal debtors and themselves, and having the right to so contract, they had the right, prior to the time when appellant had taken appropriate steps to enforce his claim against them, and subject to the payment thereof the security by them so held, to release any security taken by them for their indemnity only; and in this case the deed to them, being for their personal security, and they by their deed to Lowe, executed, delivered and recorded prior to the time appellant commenced this action, having given appellee Perkins a lien superior to theirs, and the rights of appellant to the security in question being derived through and not independent of them, and limited in extent to their rights therein, he is exactly in the same position the guarantors would have been had they paid the note, and were seeking to reimburse themselves from this security.

The decree of the district court, adjudging the lien of appellant junior to that of appellee Perkins, was right, and the judgment is, therefore, affirmed.

*Affirmed.*