EDMUND ERB, APPELLANT, V. LAURA C. MCMASTER ET AL.,
APPELLEES.

FILED MARCH 24, 1911.   No. 16,381.

Husband and Wife: ANTENUPTIAL CONTRACT: ESTOPPEL. Plaintiff
    entered into an oral antenuptial contract to release all claim to
    the real estate of his intended wife on the payment to him of
    $1,000 after her death.  The contract was reduced to writing and
    signed by both after marriage.  Afterwards he was paid $330 on
    the contract by his wife in her lifetime, and she provided for the
    payment of the remainder of the $1,000 by her will.  *Held*, in
    this an action for partition, in which he seeks to assert his
    marital rights in and to the real estate of his wife without
    regard to the contract, and without offering to return the money
    paid him, that he cannot thus accept and retain the benefits of
    the contract and at the same time maintain an action based upon
    the ground of its invalidity.

APPEAL from the district court for Gage county:
LEANDER M. PEMBERTON, JUDGE.  *Affirmed.*

*E. O. Kretsinger* and *Schwind & Orr,* for appellant.

*Sackett, Brewster & Spafford* and *L. W. Colby, contra.*

LETTON, J.

This is an action in partition in which the plaintiff as
surviving husband of Eliza M. Erb, deceased, prays for a
decree establishing in him a one-fourth interest in the
real estate of which she died siezed; that the same might
be partitioned and a homestead set apart to him.

Plaintiff and Eliza M. Erb were married on January 6,
1901.  Both had been previously married.  Before mar-
riage an oral agreement was made between them respect-
ing the interest each should have in the other's property.
This agreement was reduced to writing after the mar-
riage, and is as follows:  "Beatrice, Neb.  The following
articles of agreement, between Edmund Erb, husband,
and Eliza M. Erb, wife, were entered into and signed vol-
untarily by each one respectively.  It is agreed on the

55

part of the husband that he waives all right to any property, either real estate or personal, of his wife, except the sum of one thousand dollars, which shall be paid to him in the event the wife dies first. Eliza M. Erb, wife, hereby waives all right of dower in real estate or personal property owned by her husband, Edmund Erb. (Signed) Edmund Erb. Eliza M. Erb. Done this 7th day of January, 1901. Beatrice." On February 17, 1908, the plaintiff was paid $330 on the contract by his wife, and in return gave her the following receipt: "Received of Eliza M. Erb the sum of three hundred and thirty dollars on contract at marriage. Edmund Erb." Mrs. Erb died on the 24th of December, 1908. She left a will which was executed on December 31, 1907. The will provided that the husband should receive the sum of $1,000, to be paid to him within one year after her death, which bequest was made a charge upon certain real estate. After payment of the $330 above referred to, Mrs. Erb executed a codicil to the will, which recites: "Since signing and executing the foregoing will, I have advanced to my husband, Edmund Erb, to apply on the provision made for him in the second paragraph of this will, the sum of three hundred and thirty dollars, and it is my will that said sum shall be deducted from the amount made a charge on the real estate devised to Howard and Helen Heath in the third paragraph of this will, and that said real estate be now charged with the sum of six hundred and seventy dollars, and that said Edmund Erb have from my estate, as provided in said paragraph three, one thousand dollars, less the amount of said advancement, of three hundred and thirty dollars, or six hundred and seventy dollars, which shall be taken and received by him in lieu of any and all interest which he may have in my estate either by reason of being my husband, or by reason of any agreement in writing entered into by and between us, nuptial or antenuptial, and said sum shall be taken in satisfaction of any such agreement." The will and codicil were duly probated and allowed.

The plaintiff contends that the contract is void under the statute of frauds, and that if void there has not been such part performance as to take it from under the provisions of the statute. The defendants plead the validity of the contract; that there has been sufficient part performance to render it enforceable; that by the acceptance by plaintiff of the $330 paid him under the contract, and its retention, he ratified the same and has waived his right to any of the property except the $670 bequeathed him as due on the contract. They further plead that he is estopped by the foregoing facts from asserting any right to inherit and from maintaining this suit.

We find in the appellee's brief what purports to be a portion of the opinion of the trial court. The language accords so fully with our own views that we insert it here as an expression thereof: "The parties not only intermarried pursuant to the contract, but, as long as the wife lived, both she and her husband, the plaintiff, believed they had a valid contract, and acted upon and treated it as such. The wife lived and died in that belief, and paid out her money and made her will accordingly. Plaintiff accepted $330 of her money, and gave a written receipt acknowledging that he received it on said contract, and still keeps and retains said money and makes no offer to return it. It was not until his wife's death that he doubted the validity of the contract, which he wrote with his own hand. The court is of the opinion that good faith and common honesty require that he should still abide by the contract, now that she is dead. In good conscience he is estopped to do otherwise. The part performance which will take an oral contract out of the statute is such conduct as will amount to an equitable estoppel against the party who would resort to the statute to defeat the oral agreement. *Brown v. Hoag,* 35 Minn. 373; 4 Pomeroy, Equity Jurisprudence (3d ed.) sec. 1409. Plaintiff's wife, relying upon the antenuptial agreement, married the plaintiff, paid a large sum of money to plaintiff, which he otherwise would not have received until after

her death, made her will disposing of the rest of her property to those whom she desired to have it, and then died, thus putting it out of his power to put her in the position that she would have occupied had he not induced her to do such things, relying upon said contract; and, while admitting the contract, he now seeks to repudiate it by invoking the statute of frauds. It seems to me it would be a fraud upon the dead as well as the living to permit him to do so."

No offer is made in the petition to return to the personal representative of the deceased (who is a party to the suit) the money paid on the contract. A tender was made at the argument in this court, which was too late to be effectual. Mrs. Erb disposed of her property, and died with the knowledge that plaintiff had accepted the benefit of the contract by the receipt of the money paid him thereunder. She cannot change this disposition, and the other party should not be permitted to do so. The money was paid plaintiff in lieu of his interest in the real estate, and its acceptance and retention bars him in equity. Even if the contract were wholly invalid, which we do not decide, under these circumstances the plaintiff is estopped to allege its invalidity. Bigelow, Estoppel (3d ed.) 574. The following cases illustrate this principle as applied to differing facts: *Ayres v. McConahey,* 65 Neb. 588; *Hobbs v. Nashville, C. & St. L. R.,* 122 Ala. 602; *Field v. Doyon,* 64 Wis. 560; *William Deering & Co. v. Peterson,* 75 Minn. 118; *Poole v. Lowe,* 24 Colo. 475, 52 Pac. 741; *Smith v. Sheeley,* 12 Wall. (U. S.) 358; *United States v. Lamont,* 155 U. S. 303; *Daniels v. Tearney,* 102 U. S. 415.

We find it unnecessary to consider the other points presented.

The judgment of the district court is

AFFIRMED.