GUST BILLITER ET AL., APPELLANTS, V. FREDRICA PARRIOTT ET AL., APPELLEES.

FILED JANUARY 16, 1935. No. 29072.

*Frank A. Anderson, A. W. Storms* and *Harry H. Ellis,* Guardian *ad litem,* for appellants.

*Clarence A. Davis* and *Wilber S. Aten, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and ELDRED, District Judge.

DAY, J.

This is a suit for partition and to quiet title to 1,600 acres of land.

This land was the property of Marie M. Yeager who died testate March 15, 1923. She devised a life estate in the land to her husband, W. F. Yeager, and the fee in equal proportions to the six children of herself and husband by different marriages, each having been married before. Two of these children subsequently died intestate leaving heirs. May 1, 1924, W. F. Yeager filed in the probate proceedings of his wife's estate a renunciation of her will and an election to take under the statutes. Thereafter on August 21, 1924, the county court entered a decree of final settlement and determined that by virtue of his renunciation and election he had an undivided one-fourth interest in the fee to this land. On August 14, 1933, W. F. Yeager died testate, devising one-fourth interest in the land in question to the same children equally as Marie M. Yeager had devised it, except that he made it specifically subject to the payment of his debts. The plaintiffs, two of the children described above, brought this suit, first, to partition the land and, secondly, to quiet title against the renunciation and election of W. F. Yeager.

The trial court entered a decree of partition, but found that the renunciation and election of W. F. Yeager was valid and effective and refused to quiet the title. The appellants make several assignments of error which can be reduced to the one general complaint that the court erred in not finding the renunciation and election of W. F. Yeager null and void and in not quieting title against the same.

The statutes provide (Comp. St. 1929, sec. 30-107): "If any real estate be devised by a deceased husband or wife to the surviving husband or wife, * * * he or she shall be entitled to his or her election to take the lands so devised * * * or to take by inheritance, descent and distribution the interest in the estate of the deceased, provided by law."

The time and manner of exercising this right of election is prescribed by section 30-108, Comp. St. 1929. No question is raised except as to the compliance with the following quoted provision: "Said refusal and declaration shall be executed by such surviving husband or wife and acknowledged in the same manner as deeds of conveyance of real estate." Sections 76-201, 76-202, and 76-203, Comp. St. 1929, provide that deeds of real estate executed in this state must be witnessed and acknowledged before a judge or clerk of any court, or a notary.

W. F. Yeager attempted to exercise his right to elect by filing in the county court of Phelps county within the time prescribed a writing in the following terms:

"In the County Court of Phelps County, Nebraska.

"In the Matter of the Estate of Mary M. Yeager, deceased.

"To the Hon. C. J. Backman, County Judge of said County:

"Comes now William F. Yeager, surviving husband of said deceased, and the legatee of a life estate under the last will and testament of said deceased, and hereby gives the court to understand and be informed, that he, the undersigned William F. Yeager, hereby renounces the terms of said will, and hereby elects to take under and by virtue of the statutes of the state of Nebraska.

"W. F. Yeager.

"In the presence of Frank Falk."

It is this writing which caused this litigation. The plaintiffs contend that it is invalid for that it was not acknowledged in the same manner as deeds of conveyance of real estate. Under some circumstances, it might be held valid.

In *Gaster v. Estate of Gaster*, 90 Neb. 529, opinion by Root, J., it was held: "An oral demand by the guardian *ad litem* of an insane widow, made to the county judge, * * * if approved by the county judge, * * * is sufficient to sustain her rights under the law." This case was concerned with personal property, and it is said: "So far as her interest in the real estate may be concerned, the order

of the probate court would not prejudice her rights as against the devisees." This opinion reflects generally the view of courts in excusing an insane surviving spouse from complying strictly with the statute. *Dalsen's Estate,* 310 Pa. St. 190; *Davis v. Mather,* 309 Ill. 284; *In re Baker's Estate,* 81 Vt. 505.

This statute relative to the election of a surviving spouse to take under the will or according to the law of descent and distribution was considered in *Richardson v. Johnson,* 97 Neb. 749, and held: "In making his election, no particular form of words is required, and if it clearly appears from the writing filed by him in the county court that he refuses to take the provisions made for him by the will and elects to take, have and receive the part of the estate which is given him by the laws of the state of Nebraska, this will constitute a sufficient election." In this opinion it is stated: "The refusal and election of the plaintiff complies with every requirement of the statute." It is indicated that the only question presented was the sufficiency of the terms of the writing to constitute an election and rejection. These previous adjudications are not helpful in solving this problem, because they do not involve the question presented here.

However, many other courts have considered this identical question. A recognized authority states the general rule as: "Where the statute conferring the right of election upon a surviving spouse names certain formal requirements, such as the acknowledgment and filing of a declaration in the offices of certain officials within a specified time, a compliance with such requirements is necessary and sufficient to constitute an election." 18 C. J. 860. Another authority states: "A statutory election is insufficient without a compliance with the provisions of the statutes which is substantial, at least." Page, Wills (2d ed.) sec. 1211.

In *Miller v. Stephens,* 158 Ind. 438, it was said in substance that the right of election is purely statutory and the manner prescribed of exercising that right is a condi-

·tion upon which the right itself rests. Other cases supporting this view are *Wash v. Wash,* 189 Mo. 352; *Beck's Estate,* 265 Pa. St. 51; *In re Zweig's Will,* 261 N. Y. Supp. 400; *Cook v. Bennett,* 207 Ky. 837. These cases state the prevailing view, with which we are in accord.

But it is argued that the probate court passed its judgment upon the validity of this instrument which is final. The jurisdiction of the county court in probate matters is determined by section 16, art. V of the Constitution, which states: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship. * * * But they shall not have jurisdiction * * * in civil actions in which title to real estate is sought or drawn in question." Section 27-503, Comp. St. 1929, says: "The county court shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons." Section 30-1303, Comp. St. 1929, provides that, in the final decree, the court shall name the persons and proportions to which each is entitled. *Fischer v. Sklenar,* 101 Neb. 553, held:

"Upon its probate side a county court is a court of general jurisdiction, and its judgment upon matters of probate and of settlement and distribution of the estates of deceased persons made upon due and proper notice is final and cannot be collaterally attacked.

"The probate court in the settlement of an estate has jurisdiction to find and determine who are the heirs of the decedent. In so doing the court does not determine the title to real estate. The statute of descent passes the title upon the fact so found. The final determination of such fact by the probate court is binding upon all parties interested in the estate, unless it is set aside upon appeal."

See, also, *Lydick v. Chaney,* 64 Neb. 288; *State v. O'Connor,* 102 Neb. 187; *State v. Keller,* 101 Neb. 552; *Miller v. Clausen,* 299 Fed. 723.

In the instant case, the county court in its final decree found: "That the rights and interests of the said William

Frederick Yeager were wholly released from the operation of said will and subjected to the provisions of the statutes of the state of Nebraska by reason of the latter's written renunciation of the will filed herein as above mentioned." And, "That the above described real estate, by reason of the renunciation of the will by the surviving husband as above mentioned, passes to said surviving husband, William Frederick Yeager, for and during his natural life, as provided for by the laws of the state of Nebraska, and in addition to the life estate of said surviving husband in and to all of said real estate, he as such surviving husband is the owner in fee of an equal undivided one-fourth part of all the above described real estate." This presents an issue difficult of determination. It is argued by appellants that the probate court was clearly within its jurisdiction, while the appellees insist that it attempted to partition real estate. It would seem that the decree of the probate court in the estate of Marie M. Yeager made a necessary finding as to the election of W. F. Yeager, to distribute the estate and determine the heirs. The election and renunciation of the will did not pass the title to real estate. Its effect upon the title to real estate was only incidental. Title passed to the devisees from the testate by the will and to W. F. Yeager upon his renunciation of the provisions of the will by the law of descent and distribution. W. F. Yeager had a choice to take under the will or the law of descent and distribution of his wife's estate. He could not take both ways. He attempted to exercise that right by filing within the prescribed time an instrument complete in every detail except that it was not acknowledged. The exercise of this right would make a difference to the other devisees under the will. They had proper notice of the proceedings in the probate court.

August 21, 1924, the probate court determined that W. F. Yeager had elected to take under the intestate laws and a decree of final settlement was entered. No appeal was taken from this decree. It is now attacked collaterally in this suit. For nine years, all parties acquiesced in it and

acted upon it. At the time this decree was entered in the county court, no objection was made by the appellants. It has been held that the interested parties could waive an irregularity. In *McCutcheon's Estate*, 283 Pa. St. 157, it was held that the statute of Pennsylvania relating to an election "provides for an election in writing to be duly acknowledged and recorded, and a copy served on the representative of the decedent. Ordinarily, these requirements must be complied with (*Beck's Estate*, 265 Pa. St. 51), but there may be a waiver of irregularities by those interested."

The action of the parties was a waiver which became an inherent part of the judgment. To avoid misunderstanding, it is stated that waiver was not pleaded as a defense in this case. But the waiver relates to the time of the entry of the judgment of the county court. A judgment cannot be attacked in a collateral proceeding unless affected by some jurisdictional infirmity. *Gwynne v. Goldware*, 102 Neb. 260.

The plaintiffs were not entitled to a decree quieting the title to real estate against the election and renunciation of W. F. Yeager.

AFFIRMED.