GEORGE A. LANDGREN, APPELLANT, v. HOWARD W. HAMILTON, APPELLEE.

276 N. W. 659

FILED DECEMBER 17, 1937. No. 30089.

*Waring & Waring* and *Sloans, Keenan & Corbitt*, for appellant.

*Robert G. Simmons, Hamilton & Landis* and *Frederick Wagener, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and TEWELL, District Judge.

Goss, C. J.

George A. Landgren and Howard W. Hamilton were candidates for the office of county judge of Fillmore county at the general election held November 3, 1936. As the result of the official canvass of the votes, Hamilton was declared elected and received his certificate of election. Landgren undertook to contest the election. Being a contest for the office of county judge, it was heard by the district court. Comp. St. 1929, sec. 32-1008. Defendant specially appeared and filed a motion to quash. It was overruled. Defendant then demurred on the grounds, among others, that the court had no jurisdiction of the parties or of the subject of the action, and that was overruled. Then defendant, preserving his special appearance, filed his motion to dismiss for the reason, among others, that the district court was without jurisdiction because plaintiff had failed to give bond conditioned as required by the laws of Nebraska. That motion was overruled. Thereupon, preserving his objections theretofore made, defendant also pleaded to the merits and the case was tried upon the petition, answer and reply. After a three days' trial to the court, the final journal entry, dated December 18, 1936, shows that the court sustained the motion of defendant to dismiss the action for eleven specified reasons. For the purposes of a decision here, it is necessary to quote only the tenth reason, which reads as follows: "That the plaintiff and contestant had not filed a bond conditioned to pay all costs, as required by the laws of Nebraska."

From the order dated December 28, 1936, overruling plaintiff's motion for a new trial, appeal was taken here.

After setting forth the necessity of filing a complaint, its time of filing, and its necessary contents, section 32-1020, Comp. St. 1929, says: "The contestant must also file a bond, with security to be approved by the clerk of the court or county judge, as the case may be, conditioned to pay all costs in case the election be confirmed, the complaint dismissed, or the prosecution fail."

The transcript does not show the times of filing, but the complaint was probably filed November 13, 1936, and the bond probably filed the same day as it was approved by the clerk of the court on that date. The body of the bond reads as follows:

"Know all men by these presents:

"That we, George A. Landgren, as principal, and Earl H. Wilkins and Carl E. Schneider as sureties, both of the county of Fillmore, and the state of Nebraska, are held and firmly bound unto Howard W. Hamilton for the use and benefit of himself and all persons interested, in the penal sum of Two Hundred and no/100 Dollars, for the payment of which we hereby bind ourselves, our heirs, executors, administrators and assigns.

"Whereas, George A. Landgren has commenced proceedings in the district court of Fillmore County, Nebraska, to contest the election of said Howard W. Hamilton to the office of County Judge of said county.

"Now, therefore, the condition of this obligation is such that, if the election of the said Howard W. Hamilton is confirmed, the complaint dismissed, or the prosecution fail, and said George A. Landgren shall pay all the costs of this case, then this obligation shall be void, otherwise to be and remain in full force and effect."

Construing section 2070, Comp. St. 1922, which is identical with section 32-1020, Comp. St. 1929, the late Judge Good said, in the syllabus of *Wilson v. Matson*, 110 Neb. 630, 194 N. W. 735:

"The right, conferred by statute on a candidate for public office to contest the election of his apparently successful rival, is a special statutory proceeding, and all the conditions prescribed for its exercise must be strictly followed.

"The filing of a bond for costs within 20 days after the votes are canvassed, as required by section 2070, Comp. St. 1922, is necessary to give the court jurisdiction to hear and determine an election contest."

In that case it was held in plain words that the provision of the statute "is clearly intended to be mandatory."

The court then said: "The rule is quite generally recognized that, in special proceedings, statutory requirements must be strictly complied with. Where a new remedy is created by statute, all the conditions prescribed for its exercise must be strictly observed. The legislature, in conferring the right of a candidate to contest the election of his rival, may impose such conditions as it deems proper. That the right to contest is a special proceeding and that the prescribed procedure and conditions must be strictly followed is generally recognized by the authorities," citing many cases.

The effect of *Platte Valley Public Power and Irrigation District v. Feltz*, 132 Neb. 227, 271 N. W. 787, is that jurisdictional defects may be raised at any time.

It may be thought that the penalty of $200 stated in the first paragraph of the bond as the limit of the liability of the sureties is enlarged by the provision in the last paragraph of the bond, but a more than superficial perusal of that condition shows that, if Landgren lose the contest and pay the costs, then the sureties will not be held; but if Landgren lose the contest and fail to pay the costs, then this obligation shall "be and remain in full force and effect." Then what does it bind the sureties to do? The answer is, to pay the costs up to the $200 they have agreed to pay and no more. Such a bond is not the bond contemplated by the mandatory statute fixed by the legislature for such special proceedings as this.

The conclusion to which the argument leads us is that the district court lacked jurisdiction to hear and decide the case upon the merits. This renders it unnecessary for us to decide the case upon the merits, as shown by the evidence preserved in the bill of exceptions. Whether the district court really intended to decide as we do the point upon which we rule is not clear from the record itself. But that is unimportant for, as the transcript shows, the court dismissed the action upon this and all other grounds contained in the motion of defendant. So we are satisfied to affirm the judgment of the district court and do so.

AFFIRMED.