In re Estate of Bersin : Bersin, Appellant, *v.* Bersin, Exr., Appellee.

(No. 253—Decided January 5, 1955.)

*Messrs. Merkel, Campbell, Dill & Clarke,* for appellant.

*Mr. William A. Vidmar,* for appellee.

HUNSICKER, J. This is an appeal on questions of law from a judgment of the Probate Court of Medina County, Ohio.

Waldemar Bersin died on March 22, 1953. Anna Bersin is his surviving spouse. Waldemar Bersin had previously been married. His first wife, Lena, died, and he then married Anna in 1949. In 1934, Waldemar Bersin executed his last will and testament. No mention of Anna, the second wife and present surviving spouse, was made in such will. The will was admitted to probate on June 1, 1953, and on June 2, 1953, Walter Bersin was appointed executor under this will. On March 15, 1954 (more than nine months after the appointment of the executor), the "Inventory and Appraisement" was filed, and on that day Anna Bersin filed "Exceptions to the inventory and petition for increase of year's allowance."

No citation was issued by the Probate Court to Anna Bersin "to elect whether to take under the will or under Section 2105.06 of the Revised Code." (Section 2107.39, Revised Code.) No explanation of the will and her "rights under such will, and by law, in the event of a refusal to take under the will" was made to Anna Bersin by the probate judge. (Section 2107. 43, Revised Code.)

On April 9, 1954, a hearing was had on the exceptions, and for the approval of the inventory. At this hearing the year's allowance to Anna was increased, and the inventory and appraisement was thereupon approved.

On the very day of the hearing for approval of the inventory, and within 25 days of the time when the in-

ventory and appraisement was filed—to wit, April 9, 1954—Anna Bersin filed her written ''Election of Surviving Spouse,'' whereby she elected to take under the statute of descent and distribution.

On April 27, 1954, the executor, Walter Bersin, filed a written motion to strike the election of the surviving spouse from the files, for the reason that more than nine months had elapsed between the date of the appointment of the executor and the filing of the election of the surviving spouse, and for the further reason that any election at that time was precluded by the operation of the statute providing for election by the surviving spouse.

The Probate Court granted the motion to strike from the files such election by Anna, and ordered ''that the surviving spouse shall take under the terms of the will.''

It is from this judgment that Anna Bersin appeals to this court, saying:

''1. The Probate Court erred in holding that the surviving spouse (appellant herein) shall take under the terms of the will of Waldemar Bersin, deceased.

''2. The Probate Court erred in granting the executor's motion to strike the widow's election to take under the law from the files.

''3. The Probate Court erred in requiring the widow to elect prior to the time an inventory and appraisal was filed in said estate.

''4. The Probate Court erred in failing to issue a citation to the surviving spouse to elect whether to take under the will or under the law.

''5. Other errors apparent on the face of the record, to the manifest prejudice of this appellant.''

The questions raised by this appeal involve the statute on ''Election by surviving spouse,'' and various related sections; to wit, Section 2107.39, Revised

Code, Section 2107.41, Revised Code, Section 2107.43, Revised Code, and Section 2115.02, Revised Code. These may be stated as follows:

1. Is a surviving spouse required to elect, where no mention of such spouse is made in the will, and where such will was executed prior to the marriage of the deceased to this surviving spouse?

2. Can a surviving spouse exercise his or her right of election after the period of nine months from the appointment of the executor?

3. Is a surviving spouse required to make an election before the inventory and appraisement is filed, when such inventory and appraisement is filed more than nine months after the appointment of the executor?

The marriage of Waldemar Bersin to Anna after the execution of this will did not act as a revocation of the will, since a subsequent marriage, in the absence of a statute on the subject, does not constitute a revocation of a will made by a testator prior to the marriage. *Mundy's Exrs.* v. *Mundy,* 15 C. C., 155, 8 C. D., 44; 57 American Jurisprudence, Wills, Section 526 *et seq.*

Section 2107.39, Revised Code (former Section 10504-55, General Code), in its pertinent part, now reads as follows:

"After the probate of a will and filing of the inventory, appraisement, and schedule of debts, *the Probate Court on the motion of the executor or administrator, or on its own motion, forthwith shall issue a citation to the surviving spouse, if any be living at the time of the issuance of such citation, to elect whether to take under the will or under Section 2105.06 of the Revised Code.* If such spouse elects to take under such section, such spouse shall take not to exceed one half of the net estate and unless the will shall expressly

provide that in case of such election there shall be no acceleration of remainder or other interests bequeathed or devised by the will, the balance of the net estate shall be disposed of as though such spouse had predeceased the testator. *The election shall be made within one month after service of the citation to elect,* or *if no citation is issued such election shall be made within nine months after the appointment of the executor or administrator.* On a motion filed before the expiration of such nine months and for good cause shown, the court may allow further time for the making of the election. The election shall be entered on the journal of the court.'' (Emphasis ours.)

Section 2107.41, Revised Code (former Section 10504-60, General Code), says, in the pertinent part, as follows:

''If the surviving spouse dies before probate of the will, or, having survived such probate, thereafter either fails to make the election provided by Section 2107.39 of the Revised Code or dies before the expiration of the time set forth by such section without having made such election, such spouse shall be conclusively presumed to have elected to take under the will and such spouse and the heirs, devisees, and legatees of such spouse who dies either before or after probate of the will without having elected, and those claiming through or under them shall be bound thereby, and persons may deal with the property of the decedent accordingly * * *.'' (Emphasis ours.)

To make an election, then, under Section 2107.39, Revised Code, required either some positive act by the surviving spouse, Anna, indicating her intention, or the lapse of time under the conditions set out in this statute. It must be remembered that Anna Bersin could have made an application to extend the nine-months period, but that was not done in this case.

If Section 2107.39, Revised Code, together with Section 2107.41, Revised Code, establishes a limitation on her right of action, then Anna Bersin has, by her failure to indicate that she wished to take under Section 2105.06, Revised Code, foreclosed her right to share in her deceased husband's estate. If there can be no election beyond nine months from the date of appointment of the executor herein, then Anna Bersin was compelled (unless she asked for an extension of time), within the time limit set out, to elect to take something or nothing; for it must be remembered that by Section 2103.02, Revised Code (former Section 10502-1, General Code), the dower interest of a spouse "shall terminate upon the death of the consort except" to an extent not applicable herein.

In cases where the election statutes are discussed— such as, *In re Estate of Knofler,* 143 Ohio St., 294, 55 N. E. (2d), 262; *Raleigh et al., Admrs.,* v. *Raleigh,* 153 Ohio St., 160, 91 N. E. (2d), 241; *Miller* v. *Miller, Admr.,* 129 Ohio St., 230, 194 N. E., 450 (decided under a former statute); and *Colored Industrial School* v. *Bates, Admr.,* 90 Ohio St., 288, 107 N. E., 770, and the many cases cited therein—there was always a choice between one of two valuable rights.

We also have been privileged to read the excellent article by Robert C. Bensing, of Western Reserve University School of Law, entitled "Election Rights of a Surviving Spouse in Ohio," and the splendid brochure prepared by W. R. Kinney, of The Land Title Guarantee and Trust Company of Cleveland. To both of these authors we are indebted for some of the ideas expressed herein.

According to Webster's New International Dictionary (Second Ed.), a meaning of the word "elect" is "select," and, by the same dictionary, synonyms for the word "take" are "receive" and "accept."

If the statutes under question are to be considered statutes of limitations, then Anna Bersin cannot "select," for, by the lapse of time, she can "receive" or "accept" nothing.

In the case of *Mellinger* v. *Mellinger*, 73 Ohio St., 221, 76 N. E., 615, at p. 229, the Supreme Court, while discussing a widow's election rights, said: "Election necessarily involves choice, and intelligent choice involves a knowledge both of the facts and the law applicable to the subject matter, with reference to which a choice is to be made."

When we remember that, from time immemorial, a widow has been one of those favored by the law, we cannot say that, in a situation such as we find herein, Anna Bersin is forever barred from securing a share in her deceased husband's estate.

We also recognize the conclusions reached on the subject of a limitation of a right of action being created by election statutes as found in other jurisdictions: *In re Bornstein's Estate*, 199 Misc., 1043, 101 N. Y. S. (2d), 747; *Estate of Stitzer*, 103 Colo., 529, 87 P. (2d), 745, 120 A. L. R., 1266; *Billiter* v. *Parriott*, 128 Neb., 238, 258 N. W., 395; and *Bish* v. *Bish*, 181 Md., 621, 31 A. (2d), 348; but in each of those cases there was a choice between one of two valuable rights, and not a complete denial to the relict of any right in the deceased spouse's estate.

Two other sections are of interest in this case, to wit:

Section 2107.43, Revised Code, which reads as follows:

"Whether or not a citation is issued, the election of a surviving spouse under Section 2107.39 of the Revised Code shall be made in person before the probate judge, or a deputy clerk who has been appointed

to act as a referee under the provisions of Section 2315.37 of the Revised Code, except as provided in Sections 2107.44 and 2107.45 of the Revised Code.

"When the election is made in person before such judge or referee, the judge or referee shall explain the will, the rights under such will, and by law, in the event of a refusal to take under the will."

Section 2115.02, Revised Code (former Section 10509-41, General Code), which in its pertinent part reads as follows:

"Within one month after the date of his appointment, unless the Probate Court grants an extension of time for good cause shown, every executor or administrator *shall* make and return on oath into court a true inventory of the real estate of the deceased located in Ohio and the chattels, moneys, rights, and credits of the deceased which are to be administered and which have come to his possession or knowledge." (Emphasis ours.)

The Probate Code also provides a time and method for a hearing on the inventory: Section 2115.16, Revised Code (former Section 10509-59, General Code).

All of these statutes mentioned above must be considered when we examine the instant case. It is apparent that there is an ambiguity within Section 2107. 39, Revised Code, for in the first sentence it says in effect that the election of the surviving spouse shall be after the filing of the inventory, appraisement and schedule of debts (which, according to Section 2115.02, Revised Code, must be filed within one month after the appointment of the executor, unless the Probate Court grants an extension of time); whereas in the body of the section it places a time limit of nine months after the appointment of the executor.

Is it possible to know what choice a surviving spouse

should make, if the executor fails to comply with the plain mandate of the law with respect to the filing of the inventory and appraisement?

We think that the plain intendment of this section is that the election of the surviving spouse shall be made after the filing of the inventory and appraisement, at which time the explanation by the probate judge as to her rights, under the will and under the law, as required by Section 2107.43, Revised Code, can be made to such spouse.

Obviously, the purpose of fixing time limits in these election statutes, is for the purpose of expediting the closing of estates and fixing the rights of those persons lawfully entitled to inherit the estate, thereby making it possible also for third persons to deal safely (respecting the assets of the estate) with those who inherit such estate. It was undoubtedly for this reason that the other section, set out above—to wit, Section 2107.41, Revised Code—was enacted. Certainly we cannot assume that all of these provisions of the law were designed to injure the surviving spouse; on the contrary, we must assume that these many provisions of the law were in a large measure for the benefit of the surviving spouse; and, in those cases where the rights of no other person are impaired, they should be construed so as to effect the plain intendment of the Legislature.

When, therefore, Section 2107.41, Revised Code, says that, if no election is made within nine months, "such spouse shall be conclusively presumed to have elected to take under the will," it means that if the surviving spouse fails to elect within time, third persons may rely upon the statutory presumption that the surviving spouse has elected to take under the will, and that, having relied upon such presumption, the presumption as to them cannot be rebutted.

The ''conclusive presumption'' set out in the statute does not, under the circumstances of this case, operate to bar the surviving spouse from making her election after nine months from the appointment of the executor.

We therefore determine, in this case, that, since the estate was yet to be administered, and the rights of third persons had not intervened prior to the election of the surviving spouse, Anna Bersin, and since the provisions of the Probate Code with respect to the filing of the inventory, appraisement and schedule of debts, the issuance of a citation to elect and the election in person by the surviving spouse, had not been complied with, it was prejudicial error for the trial court to strike from the files the written election of such spouse, made at the time the inventory was approved.

The judgment herein is reversed, and the cause is remanded to the Probate Court with instructions to accept and approve the election of the surviving spouse heretofore stricken from the files.

*Judgment reversed and cause remanded.*

DOYLE, P. J., and STEVENS, J., concur.