IN RE ESTATE OF THEODORE B. DORSHORST, DECEASED.
ELLA MAE DORSHORST, APPELLEE, v. HAROLD T. DORSHORST, ADMINISTRATOR OF THE ESTATE OF THEODORE B. DORSHORST, DECEASED, ET AL., APPELLANTS.

120 N. W. 2d 32

Filed March 1, 1963. No. 35394.

Gantz, Hein & Moran and Duane L. Mehrens, for appellants.

Fisher & Fisher, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Sheridan County sustaining a motion by plaintiff for judgment on the pleadings and a further motion for a summary judgment. The defendants appealed.

The record shows that Theodore B. Dorshorst died intestate on November 14, 1961. On November 20, 1961, a petition for the probate of the estate of Theodore B. Dorshorst was filed in the county court of Sheridan County and in due time letters of administration were issued to Harold T. Dorshorst. The petition shows that the deceased left surviving him his widow, Ella Mae Dorshorst, the plaintiff below, and one son and four daughters, the defendants below.

On January 23, 1962, Ella Mae Dorshorst filed her petition in the county court for a widow's allowance, for the setting aside of the homestead, and the setting aside of exempt property. The administrator filed an answer asserting an antenuptial agreement between the widow and the deceased as a defense to any recovery by the widow. After a hearing the county court found for the widow and made allowances to her. The defendants appealed to the district court, where like issues were made up by the pleadings. Motions for judgment on the pleadings and for a summary judgment were filed by the plaintiff. The trial court sustained the motions to the extent of holding that the antenuptial agreement was not a defense as a matter of law and reserved the

question as to the amount of property to be assigned the widow on her petition for widow's allowances. The defendants appealed to this court.

The plaintiff filed a motion in this court to dismiss the appeal for the reason that the order sought to be reviewed is not a final order and for the further reason that only one $75 bond for costs was filed. The only contested issue raised by the pleadings is the sufficiency of the antenuptial agreement as a defense to the petition for the widow's allowances. The judgment of the district court finally determines that question and is an appealable order. It affects a substantial right. Its effect is to determine the action by preventing a judgment for the defendants. § 25-1902, R. R. S. 1943. An order is final and appealable when the substantial rights of the parties to the action are determined, even though the cause is retained for the determination of matters incidental thereto. Western Smelting & Refining Co. v. First Nat. Bank, 150 Neb. 477, 35 N. W. 2d 116; Rieger v. Schaible, 81 Neb. 33, 115 N. W. 560, 17 L. R. A. N. S. 866. The contention that the appeal should be dismissed because but one $75 cost bond was filed when there was a multiple appeal is not well taken. Only one $75 cost bond is required. § 25-1914, R. R. S. 1943. The motion to dismiss the appeal is overruled.

The record discloses that the trial court sustained plaintiff's motion for judgment on the pleadings. The court thereafter sustained plaintiff's motion for summary judgment. The sustaining of the motion for judgment on the pleadings disposed of the issue before the court. Nothing remained which was subject to a motion for summary judgment. We shall disregard the purported summary judgment and decide the case on the question as to whether or not the sustaining of the motion for judgment on the pleadings was correct.

The ultimate decision of the case depends on the validity or nonvalidity of the antenuptial contract pleaded in the defendants' answer. The record shows

that on September 17, 1958, Theodore B. Dorshorst, the deceased, and Ella Mae Dorshorst, formerly Ella Mae Tiensvold, in contemplation of marriage, entered into a written antenuptial agreement by which each agreed that if one survived the other, the survivor would make no claim against the other's estate, and each one expressly waived all marital rights in the estate of the other. Each had been previously married and each had children by the former marriage. Each had real and personal property in his own right. The agreement was signed by the contracting parties and witnessed. It was not acknowledged, as required by section 30-106, R. R. S. 1943. This section of the statute requires that an antenuptial contract shall be acknowledged in the manner required by law for the conveyance of real estate.

The common law of England to the extent that it is not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed by the Legislature of this state, has been adopted as the law of this state. § 49-101, R. R. S. 1943. Antenuptial contracts were not recognized by the common law of England. In fact, antenuptial contracts were void at common law and did not constitute a bar to dower. Rieger v. Schaible, *supra.* This being true, a valid antenuptial contract can exist only by statute in this state.

This principle is recognized in Smith v. Johnson, 144 Neb. 769, 14 N. W. 2d 424, where a postnuptial contract, also void at common law, was held void in this state because it was not authorized by statute.

Section 30-106, R. R. S. 1943, provides: "A man or woman may also bar his or her right to inherit part or all of the lands of his or her husband or wife by a contract made in lieu thereof before marriage. Such contract shall be in writing signed by both of the parties to such marriage and acknowledged in the manner required by law for the conveyance of real estate, or ex-

ecuted in conformity with the laws of the place where made."

The defendants contend that the foregoing section of the statutes is not exclusive and that antenuptial contracts may be enforced when not executed in conformity with the statute. The use of the words "may also bar his or her right to inherit," used in the statute do not appear to sustain this theory. In 1907 the Legislature adopted a new statute in this state providing for the succession to the estates of decedents. It purports to be an all-inclusive statute on this subject. Laws 1907, c. 49, p. 193. Dower and courtesy were abolished by this act. It provided for the descent of all property to the husband or wife and to heirs which had not been lawfully conveyed or devised. By section 5 of the act it provided how certain property may be barred from the right of inheritance. Section 6 of the act provided that "A man or woman may also bar his or her right to inherit" by an antenuptial contract in writing signed and acknowledged before marriage in the manner required by law for the conveyance of real estate. It is clear that the "may also bar" the right to inherit provision was intended to be in addition to the provisions of section 5 and not in addition to other forms of antenuptial contracts not referred to in the statute. We conclude that section 30-106, R. R. S. 1943, does not of itself indicate that it was intended to be nonexclusive in character.

The defendants argue that it has been interpreted by the courts to be nonexclusive, and cite Rieger v. Schaible, *supra*, in support of their contention. The antenuptial contract in the foregoing case was entered into prior to the enactment of chapter 49, Laws 1907. The formalities of the execution of the antenuptial contract were in compliance with the existing statute. The agreement was not within the terms of the existing statute in that no jointure was settled upon the wife,—no freehold estate in the lands of her intended husband were received by her, a then existing condition to the making

of a valid antenuptial contract. The case holds that although the statute was not complied with it is not exclusive and that an antenuptial contract not in compliance with the statute will be enforced in equity in the absence of any contravening equitable considerations. It must be conceded that this case holds that the statute prior to 1907 was not exclusive and that antenuptial contracts, nonconformable to the statute existing at that time, could be enforced in a court of equity if fairly and voluntarily entered into. To this extent the case does support the contentions of defendants in the case at bar. We cannot, however, agree with the logic of that case.

The cases from other jurisdictions which hold that statutes providing for antenuptial contracts are not exclusive and may be enforced in a court of equity, even if void under the statute, do not indicate that such states have adopted the common law of England as the common law of their respective states by statutes similar to section 49-101, R. R. S. 1943. Since the common law of England did not recognize antenuptial contracts as valid, valid antenuptial contracts in this state exist only by statute. They being in derogation of the common law, they can exist to the extent and may be created only in the manner prescribed by the Legislature. A compliance with the legislative form by which a valid antenuptial contract may be made is essential since the manner of its creation is an integral part of the existence of the right. Billiter v. Parriott, 128 Neb. 238, 258 N. W. 395. In Smith v. Johnson, *supra,* this court in discussing sections 30-105 and 30-106, R. R. S. 1943, stated: "We think the statutory method of barring the right of inheritance is limited to the methods outlined in the foregoing sections of the statutes." See, also, Focht v. Wakefield, 145 Neb. 568, 17 N. W. 2d 627. The correct rule is announced in Smith v. Johnson, *supra,* and we overrule Rieger v. Schaible, *supra,* insofar as it is in conflict therewith. This leads us to the conclu-

sion that the antenuptial contract in the case at bar is void in that it is not acknowledged as required by section 30-106, R. R. S. 1943.

Defendants argue that we held an unacknowledged antenuptial contract valid in Erb v. McMaster, 88 Neb. 817, 130 N. W. 576. In that case the unacknowledged contract provided that the husband waived all marital rights in the wife's property except the sum of $1,000, which was to be paid to him if his wife died first. Before her death the wife paid her husband $330 and took a receipt showing that it was accepted as a payment on the antenuptial contract. The court did not hold the contract to be valid. We there said: "Even if the contract were wholly invalid, which we do not decide, under these circumstances the plaintiff is estopped to allege its invalidity." Such cases lend no support to defendants' contention that antenuptial contracts lacking conformity with section 30-106, R. R. S. 1943, have been held valid by this court, other than has been quoted from Rieger v. Schaible, *supra*.

We have no question of estoppel in the case at bar. It was neither pleaded nor briefed. There is no assignment of error with reference thereto. The only question raised by this appeal is the validity of the antenuptial contract. Our holding that the antenuptial contract is void disposes of the litigation. The trial court having arrived at the same conclusion the judgment is affirmed.

MOTION TO DISMISS APPEAL OVERRULED.
JUDGMENT AFFIRMED.