IN RE ELECTION CONTEST OF CHESTER NEIL SUTTON. CHESTER NEIL SUTTON, APPELLANT, v. ROY I. ANDERSON, APPELLEE.

126 N. W. 2d 836

Filed March 6, 1964. No. 35579.

Webb, Kelley, Green & Byam, for appellant.

O'Hanlon & O'Hanlon, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

This is a contest of the election of Roy I. Anderson to the office of county attorney of Washington County, Nebraska. The trial court sustained the validity of the election and dismissed the complaint of the contestant. The contestant appeals.

The record shows that Roy I. Anderson and Chester Neil Sutton were candidates for the office of county attorney at the general election held on November 6, 1962. On November 15, 1962, the county canvassing board certified the election of Anderson to the office of county attorney.

The record shows that Sutton filed his complaint contesting the election on November 13, 1962. On November 15, 1962, Sutton filed a cost bond which was duly approved. On November 23, 1962, Sutton filed an amended notice of the contest of election. On the same day notice of the filing of the contest was served on Anderson by the sheriff of Washington County. On December 10, 1962, Anderson filed a special appearance asserting that, under the provisions of section 32-1001.31, R. S. Supp., 1961, a cost bond must be filed within 10 days after filing the complaint, which was not done. Anderson contends that the bond filed on November 15, 1962, is inadequate in that it was filed in a proceeding prematurely commenced. The trial court overruled the special appearance. Anderson asserts this was error.

Section 32-1001.18, R. S. Supp., 1961, provides that to contest the election of a person to a county office a notice of such contest must be given to the opposite party within

20 days after the votes have been officially canvassed. Such notice shall specify the grounds upon which the contestant intends to rely, and if any objection be made to the qualifications of any voters, the names of such voters and the objections shall be stated therein. Section 32-1001.31, R. S. Supp., 1961, provides that the contestant shall file in the proper court within 10 days after filing of the complaint a bond to be approved by the clerk of the district court conditioned to pay all costs if the election is confirmed.

This court has held that the statutes governing proceedings for the contest of an election are special proceedings and that all conditions prescribed for its exercise must be strictly followed. Wilson v. Matson, 110 Neb. 630, 194 N. W. 735; Landgren v. Hamilton, 133 Neb. 668, 276 N. W. 659. Compliance with the statute is mandatory and jurisdictional. Compliance with the statute is a part of the right to contest and noncompliance is destructive of the right. Otherwise stated, unless the conditions imposed by the statute are strictly met, the right itself does not exist. The limitations or conditions contained in the statute relate not merely to the remedy, but to the existence of the right itself. Dorshorst v. Dorshorst, 174 Neb. 886, 120 N. W. 2d 32; Billiter v. Parriott, 128 Neb. 238, 258 N. W. 395.

The applicable statute requires that notice of contest of the election be given within 20 days after the official canvass of the votes. The original notice in the instant case was prematurely given. It was ineffective for any purpose. Sutton contends that the amended notice filed and served within the 20-day period constituted a compliance with the statute.

The premature notice of contest was deficient in that it failed to state the names of the voters alleged to be disqualified, as required by section 32-1001.18, R. S. Supp., 1961. To correct this deficiency in the notice Sutton filed and served an amended notice of contest. It is fundamental that the election contest must be

brought within the time specified, as such condition is an integral part of the right itself. Unless this condition is complied with the court is without authority to hear the contest. 29 C. J. S., Elections, § 258, p. 370.

A premature filing of an election contest is not cured by subsequent amendments filed after the cause of action accrued. An amended notice of contest relates back to the original notice, and if the original proceeding was filed prematurely it must be dismissed carrying the amendments with it. Lilly v. O'Brien, 224 Ky. 474, 6 S. W. 2d 715; American Bonding & Trust Co. v. Gibson County, 145 F. 871. In the latter case the court said: "Plaintiff's suit was prematurely brought, and no amendment declaring upon a cause of action which did not exist when the suit was commenced would cure such a defect. If no cause of action existed when the suit was started, there was nothing to amend, and when this fact appeared, and objection was made, the suit should have been dismissed without prejudice to an action upon the cause of action which did accrue when the architect audited the claim. It was not a case of a cause of action defectively stated. Such a defect is amendable. Neither was it a case of a new cause of action brought in by amendment, which existed when the suit was brought. It was an effort to declare and recover upon a cause of action which arose pending the suit. Plaintiff's right to any recovery depended upon its right at the inception of the suit, and the nonexistence of a cause of action when the suit was started is a fatal defect, which cannot be cured by the accrual of a cause pending suit."

It is the general rule that the fact that a cause of action has accrued pending a suit will not cure the nonexistence of a cause of action at the commencement of the suit. We necessarily conclude that contestant's contest of the election was prematurely brought and did not invest the district court with jurisdiction to hear and determine it.

If, as here asserted, the filing of the amended notice of contest could be construed as the commencement of a new proceeding within the time specified by statute, the contestant finds himself on the other horn of a dilemma. He failed to file a new bond, or to refile the old one, within 10 days after the commencement of the proceeding, as required by section 32-1001.31, R. S. Supp., 1961. The filing of the cost bond within the time specified is a condition precedent to the obtaining of jurisdiction by the court. Wilson v. Matson, *supra;* Landgren v. Hamilton, *supra.*

The right of an unsuccessful candidate to contest the election of his rival is purely statutory. Courts have no authority to hear and determine an election contest except to the extent authorized by statute. The power is a limited one in which all conditions and limitations in the authorizing statute must be complied with. Such statutes are to be strictly construed since the right and remedy contained therein are created conditionally and are inseparably united. The bringing of the proceeding within the prescribed time is a condition to the exercise of the right and, if the condition is not strictly complied with, there is neither right nor remedy. The condition relates not merely to the remedy but to the very existence of the right itself.

The trial court came to the same conclusion as does this court, although on a different ground. The judgment is therefore affirmed.

AFFIRMED.