REQUESTED BY: Senator Don Wesely Room 808 State Capitol Lincoln, Nebraska 68509
Dear Senator Wesely:
In your letter of January 12, 1981, you call the provisions on Neb.Rev.Stat. § 32-1001.33 and § 32-1001.29 (Reissue 1978) to our attention.
Specifically you direct our attention to that portion of Neb.Rev.Stat. § 32-1001.33 (Reissue 1978), which requires the filing of a corporate surety bond by the unsuccessful candidate for the office of member of the Legislature seeking a recount and solicit our opinion as to whether this section is constitutional given the fact corporate surety bonds are not required of unsuccessful candidates for other elective offices. You indicate a desire to amend this section if it is our opinion that this provision is constitutionally infirm.
As to Neb.Rev.Stat. § 32-1001.29 (Reissue 1978), you direct our attention to the final portion of that section which allows the unsuccessful party in such recounts to recover costs including attorneys fees up to a maximum of $500.00. You ask our opinion of this section's constitutionality given the fact that successful candidates facing recounts in elections for other offices are not entitled to reimbursement for such costs. As in the case of the corporate surety bond requirement provision, you indicate a desire to delete this language if it is in our opinion unconstitutional.
We do not believe that either section is constitutionally suspect. Neither the Constitution of the United States nor the Constitution of the State of Nebraska requires that all persons in all instances be treated identically.
Generally speaking, only those persons similarly situated are required constitutionally to be treated alike. Therefore, while the Legislature most likely might not be constitutionally able to require such bonds and award such costs in challenges involving males but not females because both males and females are similarly situated and there is no rational basis for such a distinction. We do believe that the Legislature can treat legislative challenges differently than challenges to other elective offices.
Also applicable to your inquiry, are several other general principles of law which lead us to the conclusion expressed above. First, the right of an unsuccessful candidate to contest the election of his rival, is not a constitutional right, but purely a statutory right. Sutton v. Anderson, 176 Neb. 543,126 N.W.2d 836 (1964). Secondly, as a general principle of law, courts would give preference to interpretations which would result in a statutes being constitutional as opposed to an interpretation which would render a legislative enactment invalid. Application of City of Seward v. Gruntorad,158 Neb. 143, 62 N.W.2d 537 (1954).
Lastly, and perhaps most importantly, the Nebraska Constitution provides in Article III, Section 10: `. . .; the Legislature shall determine the rules of its proceedings and be the judges of the election, returns, and qualifications of its members, . . .' In interpreting this constitutional provision, the Nebraska Supreme Court stated in State ex rel Johnson v. Hagemeister,73 N.W.2d 625 (1955), that Article III, Section 10, gives the Legislature the power to determine: `. . . the propriety and effect of any action as it is taken by the body as it proceeds in the exercise of any power, in the transaction of any business, or in the performance of any duty conferred upon it by the Constitution.' Therefore, given this constitutional provision making the Legislature the sole judge of the election of its members, and the provisions of Article II, Section 1, generally providing for the separation of powers between branches of government, we believe that a court would be extremely reluctant to pass judgment on the constitutional validity of either of the statutory provisions about which you inquire since they pertain directly to the procedure to be utilized in recounts concerning the office of member of the Legislature.
We therefore conclude that the two provisions about which you inquire would most likely be considered by a court to be a matter for the Legislature's exclusive determination or if subject to the court's jurisdiction, to be a constitutional exercise of the Legislature's discretionary powers.
Sincerely, PAUL L. DOUGLAS Attorney General Terry R. Schaaf Assistant Attorney General