WADE A. WILSON, APPELLANT, V. CHARLES E. MATSON, APPELLEE.

FILED JULY 9, 1923. No. 23451.

1  **Elections:** CONTEST: BOND. Section 2070, Comp. St. 1922, construed, and *held* to require a contestant in an election contest proceeding to file a bond for costs within 20 days after the votes are canvassed.

2.  ———: ———: SPECIAL PROCEEDING. The right, conferred by statute on a candidate for public office to contest the election of his apparently successful rival, is a special statutory proceeding, and all the conditions prescribed for its exercise must be strictly followed.

3.  ———: ———: BOND. The filing of a bond for costs within 20 days after the votes are canvassed, as required by section 2070, Comp. St. 1922, is necessary to give the court jurisdiction to hear and determine an election contest.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*C. A. Sorensen* and *F. L. Bollen,* for appellant.

*Peterson & Devoe, contra.*

· Heard before Morrissey, C. J., Letton and Good, JJ., Blackledge, Colby and Redick, District Judges.

Good, J.

Appellant and appellee, who will be hereinafter referred to, respectively, as contestant and incumbent, were rival candidates for the office of county attorney of Lancaster county, Nebraska, at the general election held in November, 1922. The votes cast at said election were officially canvassed on November 15, 1922, and the results showed that incumbent received 304 more votes for said office than were cast for contestant. On November 28, 1922, contestant filed his complaint in the county court of Lancaster county, to contest the election of the incumbent to said office, and summons was issued thereon on December 2, 1922. On December 7, 1922, and more than 20 days after the official canvass of the votes, incumbent filed a motion to dismiss the proceedings, for the reason that contestant had not filed a bond as required by section 2070, Comp. St. 1922. On December 9, 1922, contestant filed a bond, which was approved by the court, and incumbent's motion to dismiss was later overruled. A trial in the county court resulted favorably to incumbent. The contestant appealed to the district court. Thereupon, incumbent filed in the district court a motion to dismiss the appeal for want of jurisdiction, because of the failure of contestant to file a bond in the county court within the time required by statute, which motion was sustained, and judgment entered dismissing the appeal. Contestant brings the case to this court to review the judgment of the district court dismissing his appeal.

Two questions are presented by this appeal: (1) Does section 2070, Comp. St. 1922, when properly construed, require contestant, in an election contest, to file a bond within 20 days after the official canvass of the votes? (2) Is the filing of such bond within 20 days after the votes are canvassed necessary to confer jurisdiction on the court to hear and determine the contest?

Section 2070 provides: "The contestant shall file in the proper court, within 20 days after the votes are canvassed, a complaint, setting forth the name of the contestant, and that he is an elector competent to contest such election, the name of the incumbent, the office contested, the time of the election, and the particular causes of contest, which complaint shall be verified by the affidavit of the contestant that the causes set forth are true as he verily believes. The contestant must also file a bond, with security to be approved by the clerk of the court or county judge, as the case may be, conditioned to pay all costs in case the election be confirmed, the complaint dismissed, or the prosecution fail."

Contestant argues that the statute, properly construed, does not fix any time within which the bond for costs must be filed, and, inferentially, that the provision relating to the filing of such a bond is directory only; that the giving of a bond is intended for the benefit of incumbent, and that none need be filed unless demanded by him. Contestant cites *Nicholls v. Barrick,* 27 Colo. 432, as sustaining his position. There is language in the opinion apparently supporting this position, but a careful examination of the case shows that such language is dictum. In that case, a bond had been given within the prescribed time, but it did not comply with the statutory requirements. Its sufficiency was not attacked until after issue had been joined. The court held the motion to dismiss, because contestant had failed to file the bond provided by law, was in the nature of a plea in abatement, which could not be interposed after answering to the merits. The case is therefore not in point.

1. The statutory provision, "the contestant must also file a bond," is in form, and is clearly intended to be, mandatory. The question is, within what time it must be filed. The purpose of the legislature was to protect the incumbent and make contestant liable for all costs. To effect its purpose fully, the bond should be given before any substantial part of the costs has been incurred.

The word "also," as used in the statute, is significant and has a definite meaning. Some of the definitions given the word by lexicographers are: Too; in addition; likewise; in like manner. Had the word been used in the sense of "too," or "in addition," it would be mere surplusage; but, used in the sense of "likewise," or "in like manner," it makes it clear that the bond should be filed in the same manner as the complaint, i. e., "shall file in the proper court, within 20 days after the votes are canvassed, a bond," etc. The statute has the same meaning as if it read: "The contestant shall file in the proper court, within 20 days after the votes are canvassed, a complaint * * * and must in like manner file a bond with security." A like view is expressed in *Howell v. Commonwealth,* 97 Pa. St. 332, wherein the supreme court of Pennsylvania construes an ordinance containing similar language. Section 2070, properly construed, requires the bond for costs, therein provided, to be filed *within* 20 days after the votes are canvassed.

2, 3. Is the filing of the bond for costs within 20 days after the votes are canvassed necessary to give the court jurisdiction to hear and determine the contest on its merits? Contestant insists that it is not, for various reasons which will now be considered. He calls attention to section 2075, Comp. St. 1922, which provides that, in election contests, the proceedings shall be assimilated to those in actions, and cites the case of *Kelso v. Wright,* 110 Ia. 560, in which, under an identical statutory provision, the court held, where an incumbent sets up in his answer counter-charges against a contestant, that he is not required to give bond. The Iowa statute, like our own, requires contestant to give a bond, but there is no such statutory requirement concerning the incumbent. The case seems to have no bearing on the question under consideration.

Contestant further argues, since this court has held that the giving of a cost bond under statutory requirement, that nonresident plaintiffs and companies suing in a

partnership name shall furnish security for costs, is not jurisdictional, that therefore this court should hold that the giving of a cost bond in election contest proceedings is not jurisdictional. It must be borne in mind, however, that those statutory provisions have reference to actions in the proper sense of the word, and not to special proceedings. The rule is quite generally recognized that, in special proceedings, statutory requirements must be strictly complied with. Where a new remedy is created by statute, all the conditions prescribed for its exercise must be strictly observed. The legislature, in conferring the right of a candidate to contest the election of his rival, may impose such conditions as it deems proper. That the right to contest is a special proceeding and that the prescribed procedure and conditions must be strictly followed is generally recognized by the authorities. The following authorities support the views herein expressed: *Ogburn v. Elmore,* 123 Ga. 677; *Dorsey v. Barry,* 24 Cal. 449; *Whitney v. Board of Delegates,* 14 Cal. 503; *Saunders v. Haynes,* 13 Cal. 145; *Pearson v. Alverson,* 160 Ala. 265; *Bowen v. Holcombe,* 204 Ala. 549; *Wilson v. Duncan,* 114 Ala. 659; *Gillespie v. Dion,* 18 Mont. 183, 33 L. R. A. 703; *Wilkinson v. La Combe,* 59 Mont. 518; *Moritz's Contested Election,* 256 Pa. St. 537; *Watkins v. Forkner,* 50 Ind. App. 35; *Murtha v. Howard,* 20 S. Dak. 152.

Both reason and the authorities sustain the view that the county court of Lancaster county was without jurisdiction to hear and determine the election contest on its merits because contestant did not file a bond, with security for costs, within 20 days after the canvass of the votes.

It follows that the motion to dismiss the appeal was properly sustained and the judgment dismissing the appeal was properly entered.

                                     AFFIRMED.