# Stafford v. Bailey.

March 22, 1940.

A. F. Childers, Special Judge.

Joe P. Tackett for appellant.

H. H. Ramey, Walter Prater and John L. Harrington for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

A motion by appellant to be permitted to prosecute this appeal from an adverse judgment in an election contest proceedings in *forma pauperis* was overruled in an opinion rendered on February 16, 1940, and which will appear in 282 Ky. 525, 138 S. W. (2d) 998. That opinion states the nature of the case and its status up to the time of its rendition, at which time the 30 days allowed for the prosecution of an appeal to this court, as prescribed in section 1596a-12 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, had not expired. Following that opinion and on the thirty-first day from the rendition of the judgment in the trial court appellant appeared before the clerk of the Johnson circuit court, in which the contest was heard, and offered to execute the requisite appeal bond with a relative as surety, who was then and there present and ready to execute the bond, but that officer rejected appellant's offer to execute the bond for two reasons, (1) that the offer was not made within the 30 days prescribed by the statute for the prosecution of an appeal to this court, and (2) that the tendered surety was financially insufficient. In the meantime appellant had filed the clerk's transcript of the record in this court on February 6, 1940, but which contained no appeal bond, nor offer to execute one, and which was followed by the motion to be permitted to prosecute the appeal in *forma pauperis,* which we disposed of in the manner indicated in the opinion supra.

After the clerk had declined to accept the tendered bond on the thirty-first day following the rendition of the judgment in the trial court against appellant, his counsel entered in this court (wherein the record was previously filed) a motion for a mandatory writ directed to the clerk of the trial court requiring him to accept the tendered surety and to approve the appeal bond when executed as proposed, and to then be permitted to file a copy of it in this court as a supplemental record. During the pendency of that motion in this court appellee entered motion to dismiss the appeal because no appeal bond had been executed within the time required by the statute supra, creating the special contest remedy therein provided for. The two motions involve

questions of practice which we conclude should be settled by a published opinion of this court for future guidance in such cases. In conformity therewith a disposition of appellant's motion for a mandatory writ against the clerk of the court will first be disposed of.

At the threshold we are met with the question of our jurisdiction to entertain such a motion, but which is not urged by appellee. However, if we are without jurisdiction to do so, silence on the part of appellee with reference thereto could not confer jurisdiction, and if that question should be determined adversely to appellant it is our duty to do so. It will be perceived that the motion is not one to require the completion of the record as made in the trial court. On the contrary, it is one to perfect the incomplete record made in that court, and its purpose is the enforcement of an alleged duty imposed by law on an officer of that court acting administratively, in the performance of that duty. Therefore, the motion takes on the characteristics of an original proceeding in this court, authority for which exists nowhere except under the provisions of section 110 of the Constitution. In a number of cases we have construed the section as conferring authority on this court by such original proceedings to control the jurisdiction and the exercise thereof of *courts* inferior to the Court of Appeals, and that the section does not confer original jurisdiction on this court to control the action of administrative agencies or officers who do not come within the classification of "inferior courts." One of the latest opinions so holding is that of Payne v. Kentucky Railroad Commission, 216 Ky. 188, 287 S. W. 560, wherein prior domestic opinions to the same effect are cited. The reason is, that circuit courts of original jurisdiction possess undoubted jurisdiction to grant relief as against such agencies and administrative officers, and especially is that true when the officer whose actions are sought to be controlled is an officer of the court and who is subservient to its original jurisdiction.

By way of illustration, suppose a circuit clerk upon due presentation to him of a properly drawn petition for the commencement of an action in his court should without legal excuse refuse to issue a summons. Surely it would not be contended that this court would have jurisdiction to require him to comply with his duty and

issue the summons. The remedy for such relief would undoubtedly be within the jurisdiction of the presiding judge of the court to force its own officer to discharge his legal duty. Besides—as we shall see later—this court has no appeal pending before it until all jurisdictional facts necessary to confer that jurisdiction have been complied with in the trial court in the completion of the record to be filed in this court, and which record, it requires no argument to show, is never complete if it omits a necessary fact to give this court appellate jurisdiction. Therefore, the record filed in this court on February 6, 1940—but without containing any jurisdictional appeal bond—was a fatally defective one, in that it did not contain the facts necessary to confer appellate jurisdiction upon this court, and the only court that could supply the absent jurisdictional fact would necessarily be the trial court. It is, therefore, our conclusion that this motion can not be entertained because of the want of jurisdiction in this court to grant the relief, and it is, therefore, overruled. However, under appellant's theory (hereinafter referred to), if correct, he would still be entitled to make a similar motion in the Johnson circuit court to require the clerk to take and approve appellant's tendered appeal bond. The determination of that question will be made in the disposition of appellee's motion to dismiss the appeal.

The latter motion is necessarily based upon the theory that the jurisdictional bond required by the section of our Statutes supra (1596a-12) must be executed and approved within 30 days from the time of the rendition of the judgment appealed from; whilst counsel for appellant contests that contention and argues that the statutory contest remedy supra only requires the filing of the record in this court within 30 days from the rendition of the judgment appealed from, and, as he insists, it does not require that the jurisdictional bond should either be executed within that time or that a copy of it should be filed with the record as a necessary part of it. On the contrary, counsel insists that the bond may be executed and made a part of the record at any time before a disposition of the appeal on its merits, or, at any rate, before the appeal has been submitted for determination in this court, although more than 30 days may have expired since the rendition of the judgment in the trial court.

But we find ourselves unable to agree with counsel for appellant in his interpretation of the statute. As applicable to the question under consideration, it says: ''Either party may appeal from the judgment of the circuit court to the Court of Appeals by giving bond before the Clerk of the Circuit Court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the Clerk's office of the Court of Appeals, within thirty days after final judgment in the circuit court.'' The inserted language plainly prescribes two requisites for the proper prosecution of an appeal in such cases, and which are, (a) that the appellant shall give bond before the clerk of the circuit court, etc., and (b) the filing of the record ''in the clerk's office of the Court of Appeals within thirty days after final judgment in the circuit court.''

Requirement (a) is necessarily a part of the record which must be filed with the clerk of this court within the prescribed time. No such requisite could be complied with if no bond had been executed. Therefore, the inescapable interpretation of the language of the statute would seem to inevitably require that the prescribed jurisdictional appeal bond should be executed before the expiration of the thirty day time limit for the filing of the appeal in this court. However, the law seems to be well settled to the effect that such statutory remedies for the contest of elections require the execution of the prescribed jurisdictional bond by the appellant within the time allowed for the prosecution of the appeal.

The text in 18 American Jurisprudence 361, section 275, in stating the nature and requirements of such remedies, says: ''An election contest is not an action at law or a suit in equity, but is a purely statutory proceeding unknown to the common law. Such statutory proceedings are special and summary in their nature. Therefore, as a general rule, a strict observance of the statute is required, so far as regards the steps necessary to give jurisdiction, and the jurisdictional facts must appear on the face of the proceedings.'' See, also, text in same volume, page 365, section 283. On page 385, section 322, wherein the text deals with the prerequisite of such a prescribed jurisdictional bond, it says: ''A statutory requirement that a contestant give

security for costs or that a candidate demanding a recount make a stated deposit or furnish security has generally been regarded as a jurisdictional prerequisite, making it impossible to hear the contest or conduct the recount in the event of non-compliance with such requirement.'' Cases, and annotations to law publications, are referred to in note 12 as supporting that text, among which is an annotation in 106 A. L. R., commencing on page 928 of that volume.

On page 936 of 106 A. L. R. the annotator discusses, under the heading of ''Security for Costs as a Jurisdictional Prerequisite'' in contested elections, and at the beginning it is stated that ''A statutory requirement that a contestant give security for costs, or one that a candidate demanding a recount make a stated deposit or furnish security, has generally been regarded as a jurisdictional prerequisite, making it impossible to hear the contest or conduct the recount in the event of non-compliance with such requirement.'' Cases from a number of states are cited in support of that statement. On page 939 of the same annotation—and while still discussing questions growing out of the execution of the required jurisdictional bond in election contest cases—it is said: ''In view of a provision that the contestant should file his complaint within 20 days after the votes were canvassed, which provision immediately preceded the clause requiring that he 'must also file a bond,'—it was held that the bond must be filed within the same time, the word 'also' being construed as used in the sense of 'in like manner,' in Wilson v. Matson (1923) 110 Neb. 630, 194 N. W. 735, where the court observed that, to protect the legislature's purpose, fully, the bond should be given before any substantial part of the costs were incurred.'' To the same effect is the text in 20 C. J. 265, sec. 383, and a diligent search has revealed the fact that strict compliance in following such statutory remedies has everywhere been approved.

In addition to the text authorities supra supporting the contention of counsel for appellee to the affect that the jurisdictional bond should be executed within the thirty day period within which an appeal in such cases may be prosecuted to this court are our opinions in the cases of Kash v. Strong, 165 Ky. 843, 178 S. W. 1133; Johnson v. Little, 176 Ky. 505, 196 S. W. 156, 157, Ann.

Cas. 1913A, 70, and other cases referred to in tnem. The Johnson case in effect disposed of the instant question adversely to the contention of appellant's counsel. In it a defective bond was executed within the prescribed time for prosecuting the appeal, but before it expired a corrected one was executed. The appellee insisted, on appeal, that the correction—though made within the prescribed time for the prosecution of the appeal—was nevertheless invalid and unauthorized; but we held otherwise, and in the opinion said: "It will be observed that even if it could be said that the first bond was void because of its failure to fully comply with the terms of the statute, the last one, which did fully comply with its terms, was filed within the 30 days allowed by law, and at the same time the transcript was filed, and there exist no tenable grounds upon which to sustain the motion, and it is therefore overruled." That language, in effect, holds that a bond complying with the requirements of the statute must be executed within the period prescribed for the prosecution of the appeal, and before the transcript of the record is filed in this court, and if done within that time it will be sufficient, although a previous abortive effort to comply with that requirement had been made. In addition to all of the foregoing, we can discover no logic in the contention that under the terms of the statute the required jurisdictional bond may be executed in the trial court (the one wherein the statute requires it to be executed) after the allowed time within which the appeal might be prosecuted has expired. To our minds the latter contention is not only without reason to support it, but approaches closely to the absurd, and which is undoubtedly in conflict with the interpretations of courts and text writers, as is clearly indicated by those cited supra.

What we have said renders it unnecessary to discuss or determine reason (2) supra, urged by appellee in support of the clerk's refusal to accept the tendered bond of appellant one day after the time for prosecuting the appeal to this court had expired. It, therefore, follows that the motion of appellee to dismiss the appeal because the requisite bond was not executed within time should be and it is sustained.

Wherefore, the appeal is dismissed.

The whole court sitting.