This is an appeal from the Calhoun County Circuit Court's judgment dismissing the *Page 584 
election contest filed by appellant, O. Clayton Dobbins. We affirm.
O. Clayton Dobbins ran against appellee William Robison for Councilman-at-Large (commonly referred to as "Mayor") of the City of Anniston. The election was held on Tuesday, July 31, 1984. Dobbins lost the election by eleven votes. This appeal is concerned with the events surrounding Dobbins's attempt to contest the results of the election.
On Monday, August 6, 1984, Dobbins's secretary telephoned the clerk and the register at the courthouse to determine what type and amount of bond was required to be filed. She was told by the clerk that the complaint should be filed in the register's office, and that a judge would have to set the amount of the bond. The secretary told the clerk that, according to the Code of Alabama, the clerk was supposed to set and approve the bond, but the clerk maintained the position that Dobbins should see a judge.
Later that day, Dobbins filed his petition with the register's office. After doing so, he inquired of the register as to the proper procedure for giving a security for costs. He was told that the judge to whom the case was assigned, Judge Sam Monk, would have to set and approve the bond. Dobbins told the register that he had already prepared a bond and that he had it with him. She (the register) then handed Dobbins two of her own blank bond forms, suggesting that he might wish to use them instead. The register did not ask to see the prepared bond or notify Dobbins of any filing deadline, and Dobbins made no attempt to file any bond with the register at this time.
Dobbins attempted to have bond set by Judge Monk, but he recused himself because his brother was the city attorney in the case. Dobbins approached the next judge, Judge Quattlebaum, during a recess of one of his trials. Judge Quattlebaum told Dobbins to get together with the city attorney in order to reach an agreement as to the amount of bond to be set. After his trial, Judge Quattlebaum met with the attorneys for both sides and informed them that he, too, was recusing himself. This took place at approximately 5:30 p.m., August 6th.
The attorneys then went to Judge Malcolm Street, who was the only judge left in the circuit who could hear the case. At this time, the attorneys for the City of Anniston and for Robison questioned the sufficiency of the petition, and insisted that the court conduct a hearing before any bond was set. At 3:00 p.m. the following day, August 7, Judge Street informed the parties, via telephone conference call, that the bond was set at $15,000.00. Nothing was said by Judge Street to the effect that the bond needed to be filed that day. Dobbins filed the bond required by the court the following day, August 8, and the register approved it.
Following a hearing concerning dismissal of the petition, Judge Street also recused himself. This Court then appointed Judge Randall L. Cole to hear the case. Judge Cole, after a hearing on the matter, issued a decree dismissing the petition.
The dispositive issue on appeal is whether the trial court erred when it dismissed the complaint, based upon appellant's failure to give a security for costs as is required by § 17-15-29, Code 1975.
Election contests in Alabama are governed by §§ 17-15-1
through 17-15-63, Code 1975. The section dealing with contesting an election of a municipal officer is § 17-15-29, Code 1975, which reads in pertinent part:
 ". . . The party contesting must file in the office of the clerk . . . a statement in writing, verified by affidavit, of the grounds of the contest as provided in this article and must give good and sufficient security for the costs of the contest, to be approved by the clerk."
According to this section, a contestant must both file a verified petition, as well as give a good and sufficient security for costs, in order to commence an election contest. The contestant has five days after the election results are declared to contest *Page 585 
an election for a city or town office. § 11-46-69, Code 1975. Rule 6 (a), Alabama Rules of Civil Procedure, also provides that, when a time period is less than seven days, Saturdays and Sundays are excluded in the computation of time. Therefore, in order to comply with the above-mentioned statutes and rule, Dobbins had to file his petition and security for costs on or before August 7, 1984. With regard to the petition, we agree with the trial court that Dobbins satisfied the provisions of §§ 17-15-29 and 11-46-69, Code 1975, and rule 6 (a), A.R.Civ.P. However, for the reasons stated below, we hold that Dobbins failed to give a security for costs within the applicable time period, and, therefore, that the election contest was correctly dismissed by the trial court.
Section 17-15-29 requires the filing of the statement and the giving of a security for costs by the contestant of an election. The cases which interpret this section hold that the filing of the security for costs is a jurisdictional prerequisite to the court's going forward at all with the election contest. Bowen v. Holcombe, 204 Ala. 549, 87 So. 87
(1919); Groom v. Taylor, 235 Ala. 247, 178 So. 33 (1937). It is clear from these cases that without some type of security for costs being filed the court has no jurisdiction in the matter, and the election contest must be dismissed.
Dobbins cites Lowery v. Petree, 175 Ala. 559, 57 So. 818
(1912), and Bowen v. Holcombe, supra, which hold that as long as a contestant has complied "in form at least" with the statute, the contest should not be dismissed. Also, a contestant's compliance with the statute should not be determined merely by the clerical acts of marking the security for costs filed. Ex parte Shepherd, 172 Ala. 205, 55 So. 627
(1926).
Although cited by Dobbins, these cases, along with Groom v.Taylor, supra, actually support appellee Robison's argument and the court's decision to dismiss the election contest. These cases all hold that where an attempt was made to comply with the statute requiring bond, the fact that the bond may be insufficient, inadequate, or defective will not authorize dismissal of the contest; rather, the court should allow an amendment, and in some instances even a substitution, to be filed to correct the error.
The rule of law to be gleaned from these cases is that where a contestant has complied with the requirements "in form at least," the court should allow the bond to be amended. In the instant case, Dobbins has failed to file any type of bond and, thus, has not complied "in form at least." Had he at least filed some sort of bond within the time period, then based upon the above-cited cases, the court could have allowed him to amend the bond at a later date outside of the statutory time period. However, Dobbins filed no bond at all until August 8, 1984, which was clearly outside of the time period. His claim that he attempted to timely file a security for costs with the register is not supported by the affidavits and depositions submitted to the court. Having not complied with the minimum requirements for election contests, Dobbins's contest must fail.
Furthermore, Dobbins's attempt to label the register's conduct as being arbitrary and capricious conduct by a court official is without merit. There is no proof offered by Dobbins of any misconduct by any of the court officials or judges in this matter.
For the reasons stated above, the judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON, SHORES and ADAMS, JJ., concur. *Page 586