Sally POE, Floris Van Tilburg, Dale Winkowitsch, Ervin Bruier, Gary Vander Waal, Mark Dickmann, Ray Feucht, Jane Baker, and Marvin Brommer, Appellants,

Alfred Dickmann, Pricilla Spykerboer, Van Berkel Farms, Inc., Darwyn Dickmann, Harold Vahl, Henry Eben, Jeff Eben, and Arnold Snuttjer, Plaintiffs,

v.

CENTRAL LYON SCHOOL DISTRICT and Ken Mellema, Lyon County Auditor and Commissioner of Elections, Appellees.

No. 93–1020.

Supreme Court of Iowa.

April 20, 1994.

G. Daniel Gildemeister and Steven J. Andreasen of Margolin, Gildemeister, Willa, Mugan & Keane, Sioux City, for appellants.

Ivan T. Webber of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, and Randy L. Waagmeester of DeWaay & Waagmeester, Rock Rapids, for appellee Cent. Lyon School Dist.

Daniel E. DeKoter of Corcoran, Skiver, Zito, DeKoter & Thole, P.L.C., Sibley, for appellee Ken Mellema.

Considered by HARRIS, P.J., and LARSON, CARTER, SNELL, and TERNUS, JJ.

HARRIS, Justice.

Plaintiffs, nonresident owners of land in a school district, brought this action to challenge, on routine grounds, a successful school bond election. They appeal from a trial court ruling dismissing their action for lack of standing. We affirm.

■ As nonresident landowners, plaintiffs are taxpayers in defendant Central Lyon School District. The dispute arose because of a successful school bond election in which plaintiffs had no right to vote. Nonresident landowners have no constitutional right to participate in local school bond elections even though the outcome will affect their taxes. *See* 64 Am.Jur.2d *Public Securities and Obligations* § 167, at 210 (1972) (failure to allow vote does not unconstitutionally discriminate or violate principle of no taxation without representation). Plaintiffs do not dispute this and concede they had no statutory right to vote in or contest the election. They nevertheless contend they are entitled to bring this equity action to challenge the election pursuant to our holding in *Patton v. Independent School District of Coggon*, 242 Iowa 941, 48 N.W.2d 803 (1951).

A provision in the Code chapter on school elections, Iowa Code § 277.22 (1993), provides: "School elections may be contested as provided by law for the contesting of other elections." This general reference statute implicates Iowa Code chapter 57. *Patton*, 242 Iowa at 943, 48 N.W.2d at 804. Chapter 277 allows two types of elections, "regular"

and "special." Regular elections are held annually and decide any matter "authorized by law." Iowa Code § 277.1. Special elections may be called irregularly to decide primarily financial and school property issues, but not to elect officers. Iowa Code § 277.2.

The plaintiffs in *Patton*, who were both taxpayers and electors, brought an action in equity to challenge a school bond election. The trial court dismissed their action on finding they had an adequate remedy in the statutory procedure for contesting school elections. We reversed after holding the existing remedies were available only to contest regular school elections, not to contest special elections for issuing school bonds. *Patton*, 242 Iowa at 947, 48 N.W.2d at 807. Then, in the holding relied on by the present plaintiffs, we allowed the *Patton* plaintiffs to proceed with their equity action.

We determined they, as elector-taxpayers, should be able to pursue their challenge in equity after having been denied access to the statutory scheme. *Id.* at 950, 48 N.W.2d at 808. Relying on *Patton*, we reached an identical conclusion in a decision involving elector-taxpayers in *Paulson v. Forest City Community School District*, 238 N.W.2d 344 (Iowa 1976). The election statute we interpreted in *Paulson* (and earlier in *Patton* ) was promptly amended and expanded so as to allow challenges in school bond elections, as well as in regular school elections. 1976 Iowa Acts ch. 1075, § 50. The interesting question we must decide here concerns the standing of these nonresident taxpayers, who are not electors, following the 1976 amendment.

The district thinks the 1976 amendment uproots our *Patton* holding by destroying its base. In its view the common-law right to an equitable challenge depended entirely on the absence of a statutory right that has since been supplied. Plaintiffs contend they are left, after the amendment, in precisely the same dilemma the *Patton* plaintiffs faced. They too are omitted from access to the statutory challenge, and think they should be granted the same equity rights.

Stated another way, the district thinks the *Patton* remedy was accorded as an elector's right, giving electors the right to contest a kind of school election the legislature failed to include in the statute. The plaintiffs, on the other hand, think the *Patton* remedy was accorded to interested parties so as to accord them a right the legislature had failed to extend to them.

■ Although there is logic in both positions, we find the district's position sounder. Elections are the province of electors and election contests are a review of elections. Plaintiffs, though they are affected by it, stand outside the election process they seek to challenge. *Patton* must be read in this light, and we think the remedy allowed in *Patton* was accorded to those plaintiffs as an appendage to their rights as electors.

When the legislature responded to the *Patton* holding in the 1976 amendment, it specified the rights to contest school elections. So doing it did nothing to extend the right to persons, such as these plaintiffs, who are not electors.

Nonresident landowners, as taxpayers, are in many ways at the mercy of those over whom they hold little or no control. All affairs of a local school district, the scope and expense of its programs, salaries, countless budget matters, are controlled by a board elected without their participation. Those who choose to become, or to remain, nonresident landowners must accept this as a part of their investment.

To allow the remedy in the present case would, at least in a sense, actually reward these plaintiffs for not being electors. Under the statutory scheme electors would have to begin their challenge long prior to the time plaintiffs attempted the present suit. *See* Iowa Code §§ 57.6, 62.5 (election contest must be brought within twenty days of the certification of election); Iowa Code § 614.-1(4) and .4 (action based on alleged fraud may be brought within five years of discovery of act).

In short we think the *Patton* remedy, having been rendered unnecessary for elector-taxpayers by statutory amendment, should

not now be extended to taxpayers who are not electors.

**AFFIRMED.**