Robert de **KONING**, As Designated Member of the Contest Court, Appellant,

v.

Ken **MELLEMA**, Lyon County Auditor and Commissioner of Elections, Appellee.

No. 94–412.

Supreme Court of Iowa.

July 19, 1995.

Maurice B. Nieland and Jeffrey D. Garreans of Rawlings, Nieland, Probasco, Killinger, Ellwanger, Jacobs & Mohrhauser, Sioux City, for appellant.

Daniel E. DeKoter and Dale S. Honken of Zito, Dekoter, Thole, Dawson & Honken, P.L.C., Sibley, for appellee.

Considered by McGIVERIN, C.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

McGIVERIN, Chief Justice.

On behalf of some eligible electors and as part of their effort to contest a successful school bond election, plaintiff Robert de Koning brought this mandamus action in equity asking the district court to order defendant Ken Mellema, Lyon county auditor and com-

missioner of elections, to designate a member to a contest court pursuant to Iowa Code section 57.7 (1993).

Defendant filed a motion for summary judgment. The district court sustained defendant's motion on the basis that the electors had not timely filed a bond as required by Iowa Code sections 62.5 and 62.6, and therefore had not properly initiated a contest court proceeding. After reviewing the record in the light most favorable to plaintiff, we conclude that the district court correctly sustained defendant's motion for summary judgment. Accordingly, we affirm the district court's judgment on plaintiff's appeal, making defendant's cross appeal moot.

I. *Background facts and proceedings.* Central Lyon school district held a school bond election. The public measure passed by a slim margin, which was confirmed when the results were certified on December 14, 1992.

After the certification, several electors concerned with alleged irregularities in the election decided to contest the election results. *See* Iowa Code § 57.1. On December 31, 1992, they concurrently filed a petition or statement to that effect in the clerk of district court's office, *Meiburg v. Mellema,* No. 11, 790 (Lyon County, filed Dec. 31, 1992), and in the county auditor's office against the Central Lyon school district and defendant Ken Mellema, county auditor and commissioner of elections. The contestants did not file a bond in the office of either the clerk of court or the auditor. *See id.* §§ 62.6, 62.7.

A. *The prior decision.* Regarding the petition filed in the clerk's office, on January 11, 1993, the district court entered a *sua sponte* order. The order underscored the requirements of Iowa Code section 57.7 which pertinently provides:

> The court for the trial of a contested election on a public measure shall consist of one person designated by the petitioners who are contesting the election, who shall be designated in writing by the petitioners at the time the contest is filed, one person

designated by the county commissioner of elections to represent the interests adverse to those of the petitioners, and a third person who shall be chosen jointly by the designees of the petitioners and of the commissioner.

In light of this section, the district court proposed to dismiss the contestants' action unless they designated by January 25, 1993 one person as a member of the contest court for the trial of the contested election. *See id.*

On January 22, 1993, the contestants designated plaintiff Robert de Koning as a member of the contest court, and subsequently the district court found that the contestants had thus complied with its January 11, 1993 *sua sponte* order.

The district court then held that it lacked subject matter jurisdiction over the contestants' action in district court because section 57.7 confers jurisdiction only upon the contest court. The district court sustained defendant's motion to dismiss and thereby dismissed the contestants' petition in equity, No. 11,790. This order was not appealed.[1]

B. *The present action.* Plaintiff de Koning, relying on the statement that the contestants had filed in the county auditor's office, made demand on defendant auditor Mellema to name his member of the contest court. *See id.* When Mellema did not name a member to the contest court, de Koning filed the present action in district court for an order of mandamus, requesting that the court order Mellema to appoint a member to the contest court pursuant to section 57.7. *See id.* ch. 661.

Auditor Mellema filed a motion for summary judgment, alleging that he had no duty to designate a contest court member under section 57.7 because no contest court proceeding had been properly initiated. *See* Iowa R.Civ.P. 237(b). The auditor advanced two reasons in support of his contention: (1) that the contestants did not file a bond as required by Iowa Code sections 62.5 and 62.6, and (2) that the contestants did not timely designate de Koning as a contest court member pursuant to section 57.7. The

---

1.  Another case involving a different aspect of this school bond election controversy was *Poe v. Cen-*

*tral Lyon School District,* 515 N.W.2d 1 (Iowa 1994).

district court sustained defendant's motion, ruling that no valid contest court had been created due to the contestants' failure to file a bond pursuant to sections 62.5 and 62.6 of the Iowa Code. However, the district court overruled defendant's motion on the ground that de Koning had not been timely designated.

de Koning appealed the district court's ruling and alternatively contends that: (1) the bond requirement does not apply in this public measure contest, (2) the defendant auditor waived the bond requirement, and (3) the failure to post bond did not prejudice defendant auditor and thus should not have resulted in dismissal of this action.

Mellema cross-appealed, contending that the district court erred in refusing to also conclude that the contest court proceeding had not been properly initiated because de Koning had not been timely designated.

The record consists of the petition, the motion for summary judgment, resistance thereto, exhibits, and affidavits. *See id.* 237(c).

■ II. *Scope of review.* We will uphold a grant of summary judgment when no material fact is at issue and the moving party is entitled to judgment as a matter of law. *Id.; Hoffnagle v. McDonald's Corp.,* 522 N.W.2d 808, 811 (Iowa 1994). When we review the propriety of a grant of summary judgment, the moving party is required to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Hoffnagle,* 522 N.W.2d at 811 (citation omitted). In determining whether the movant has met this burden, we review the record in the light most favorable to the party opposing summary judgment. *Id.*

III. *Validity of contestants' initiation of contest court proceedings.* In support of his summary judgment motion, defendant Mellema contends as a matter of law that he has no duty under Iowa Code section 57.7 to designate a member to the contest court because no valid contest court has been initiated. Specifically, Mellema contends that

the electors did not satisfy the bond requirement set forth in Iowa Code sections 62.5 and 62.6,[2] and we agree. In view of this conclusion, we do not address the issue raised in defendant's cross-appeal because it is thereby rendered moot.

■ A. *Applicable legal principles and statutory provisions.* The rule is quite generally recognized that to initiate special proceedings, such as election contest proceedings, the statutory provisions necessary to confer jurisdiction must be strictly complied with by the contestants. *See Stafford v. Bailey,* 282 Ky. 528, 532, 138 S.W.2d 999, 1002 (1940); *Sutton v. Anderson,* 176 Neb. 543, 545, 126 N.W.2d 836, 838 (1964); *Wilson v. Matson,* 110 Neb. 630, 634, 194 N.W. 735, 736 (1923); *see also Haas v. Contest Court,* 221 Iowa 150, 162, 164–65, 265 N.W. 373, 379, 380 (1936) (Richards, J., dissenting). *See generally* 26 Am.Jur.2d *Elections* § 318, at 143 (1966) (discussing statutory provisions for election contests). The basis for the rule is that "statutes, conferring the right to contest an election, grant only a privilege to the defeated [contestants], where none existed at the common law, and that the contestant[s] acquir[e] under such statutes only such expressly limited and conditional privileges as the [l]egislature [has seen] fit to extend." *Haas,* 221 Iowa at 162, 265 N.W. at 379; *accord Sutton,* 176 Neb. at 547, 126 N.W.2d at 839; *Wilson,* 110 Neb. at 634, 194 N.W. at 736. As one court has put it: "The bringing of the proceeding [in accordance with the provisions] is a condition to the exercise of the right and, if the condition is not strictly complied with, there is neither right nor remedy. The condition relates not merely to the remedy but to the very existence of the right itself." *Sutton,* 176 Neb. at 547, 126 N.W.2d at 839.

In conferring the right to electors to contest a public measure, such as the school bond election in this case, the Iowa legislature has outlined the procedures in Iowa Code chapters 57 and 62 which the electors must follow in order to have a contest court convene to hear their allegations. Iowa Code

---

2. On this appeal, defendant auditor did not raise any questions as to plaintiff de Koning's standing

to bring the present action.

sections 62.5 and 62.6 require the contestant or contestants to file a statement of intention to contest the election and to file a bond. Section 62.5 sets forth the requirement of filing a statement of intention as follows:

> The contestant shall file in the office of the county auditor, *within twenty days after the day when the incumbent was declared elected,* a written statement of intention to contest the election, setting forth the name of the contestant, and that the contestant is qualified to hold such office, the name of the incumbent, the office contested, the time of the election, and the particular causes of contest, which statement shall be verified by the affidavit of the contestant, or some elector of the county, that the causes set forth are true as that person verily believes.

(Emphasis added.)

Section 62.6 regarding the bond requirement further provides:

> The contestant must also file with the county auditor a bond, with security to be approved by said auditor, conditioned to pay all costs in case the election be confirmed, or the statement be dismissed, or the prosecution fail.

(Emphasis added.)

These statutory procedures set forth in Iowa Code chapter 62 for contesting elections of county officers are made applicable to public measure contests by Iowa Code section 57.6 which provides:

> All the provisions of the chapter in relation to contested elections of county officers shall be applicable, as near as may be, to contested elections for other offices, and *for public measures* except as herein otherwise provided....

(Emphasis added.) *Cf. Haas,* 221 Iowa at 152–57, 265 N.W. at 374–77 (citing Iowa Code section 986 (1935) (now Iowa Code section 57.6 (1993)) and applying Iowa Code sections 1024 and 1025 (1935) (now Iowa Code sec-

tions 62.5 and 62.6 (1993)) to a judicial election contest).

■ We have had one previous occasion to construe the statutory bond requirement made applicable here by section 57.6 in *Haas v. Contest Court,* 221 Iowa 150, 265 N.W. 373 (1936).[3] There, we held that a bond, just as a statement of intention to contest the election, must be filed with the appropriate authority within the period specified in the statute after the election results have been certified. *Id.* at 156, 265 N.W. at 376;[4] *accord Wilson,* 110 Neb. at 633, 194 N.W. at 735–36 (construing an almost identical statute to Iowa Code sections 62.5 and 62.6, and concluding that "the bond should be filed in the same manner as the complaint, *i.e.,* 'shall file in the proper court, within 20 days after the votes are canvassed, a bond' "). Applying the *Haas* holding to the present case, we conclude the contestants' bond should have been filed with the county auditor within twenty days after December 14, 1992, the date the school bond election was certified.

■ B. *Legal principles and statutory provisions not satisfied or excused in this case.* Although the contestants apparently filed their statement of intention to contest the election within the statutory period of twenty days in the Lyon county auditor's office, de Koning admits no bond was ever filed with either the county auditor Mellema or the clerk of district court. *See* Iowa Code §§ 62.6 (filing bond with auditor); 62.7 (filing bond with clerk of district court when auditor is a party). Because no bond was filed within twenty days after the election results were declared, the district court concluded that contestants failed to comply with the statutory procedures and therefore no contest court was properly initiated. We agree with the district court's conclusion. *See Wilson,* 110 Neb. at 634, 194 N.W. at 736 (holding court "was without jurisdiction to hear and determine the election contest on its merits because contestant did not file a bond, with security for costs, within 20 days after the

---

3. In *Haas,* we were interpreting Iowa Code sections 1024 and 1025 (1935) which have since been codified without material change as Iowa Code sections 62.5 and 62.6 (1993).

4. We note that our holding in *Haas* is supported by the fact that the predecessor of Iowa Code sections 62.5 and 62.6 was one section in the 1897 Code, but it was editorially divided in the 1924 Code and all subsequent Codes. *See Haas,* 221 Iowa 150, 156, 167, 265 N.W. 373, 376, 381.

canvass of the votes"). We also agree with the district court's corresponding ruling that Mellema, as county auditor, had no duty to designate a contest court member under Iowa Code section 57.7.

■ Plaintiff attempts to avoid the above conclusion by making three alternative arguments. First, de Koning argues that the bond requirement, admittedly applicable to contested elections of county officers, is inapplicable to contested public measures. Having concluded that Iowa Code section 57.6 clearly makes the bond requirement applicable to public measures, we have already implicitly rejected de Koning's first argument and do so now explicitly.

■ Next, de Koning contends that auditor Mellema waived the bond requirement by not requesting the bond when the contestants filed their statement of intention to contest the election in the county auditor's office. We reject this waiver argument because the statute clearly places the duty on the contestants to file the bond. Iowa Code § 62.6. The county auditor, in this case Mellema, is only obliged to approve the security for the bond, not to make sure the contestants file the bond. *Id.* Furthermore, the county auditor is simply the official recipient of the election contest statement, not the "opposing party" who would have the alleged authority to waive the statutory requirement. *See Kash v. Strong,* 165 Ky. 843, 846, 178 S.W. 1133, 1134 (1915) (holding that the statutory requirement for the execution of a bond was a jurisdictional requirement and could not be dispensed with "by consent, estoppel, or waiver, affirmative or implied").

■ Finally, de Koning contends that the contestants' failure to file a bond should be excused because auditor Mellema has not been prejudiced thereby. We also find this argument lacks merit. The purpose of the bond is not to protect the county auditor who, as mentioned above, is simply the official recipient of the bond. Rather, the purpose of the bond is to protect the object of the contest, in this case the school district, and to pay "all costs" if the contestants' challenge fails. *See* Iowa Code § 62.6. Accordingly, whether the auditor has been prej-

udiced is irrelevant. Moreover, as stated by the *Haas* court, the legislature has already determined by the express terms of the statutes that if a bond is not filed within twenty days, prejudice will result. *See id.* §§ 62.5, 62.6; *cf. Haas,* 221 Iowa at 156, 265 N.W. at 376.

Upon rejecting de Koning's arguments, we conclude that plaintiff's appeal in this mandamus action lacks merit.

IV. *Disposition.* We affirm the district court's ruling sustaining defendant auditor's motion for summary judgment on the ground that the contestants' failure to file a bond prevented a valid initiation of the contest court, and, therefore, no duty existed on the part of defendant auditor to name a member to the contest court. Plaintiff's appeal is affirmed, and defendant's cross appeal is rendered moot.

**APPEAL AFFIRMED; CROSS APPEAL MOOTED.**