CRAWLEY, Judge.
Gary Beam appeals from the dismissal of his complaint challenging the result of a mayoral election in the City of Arab. We affirm.
Beam and Johnny H. Hart were opposing candidates in the mayoral race. On September 15, 2000, Hart was declared the winner, by a five-vote margin. On September 18, Beam filed a contest of the election, alleging that illegal absentee ballots had been counted. Seven days later, on September 25, Beam filed his bond as security for costs. On October 2, the circuit court dismissed the complaint, on the ground that the bond was not timely filed, as required by § 17-15-29, Ala.Code 1975. Beam appealed to the Alabama Supreme Court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
This municipal election contest is governed by § 11-46-69, Ala.Code 1975. That section provides, in pertinent part:
“Any contest ... must be commenced within five days after the result of the election is declared. Such contest shall be instituted in the manner prescribed by Section 17-15-29.”
Section 17-15-29, dealing with contesting the election of a municipal officer, provides, in pertinent part:
“[T]he party contesting must file in the office of the clerk of the circuit court of the county in which the election was held, a statement in writing, verified by affidavit, of the grounds of the contest as provided in this article and must give good and sufficient security for the costs of the contest, to be approved by the clerk.”
*1107 Filing of security for costs is a jurisdictional prerequisite to an election contest, see Dobbins v. City of Anniston, 469 So.2d 583 (Ala.1985), and security must be given within the time limits prescribed for the filing of the election contest, see Ex parte Williams, 613 So.2d 1266 (Ala.1993). Rule 6(a), Ala.R.Civ.P., provides that when a prescribed time period is less than 11 days, intermediate Saturdays, Sundays, and holidays shall be excluded from the computation. Saturdays, Sundays, and holidays were not excluded from computation of the five-day period permitted for the contest. In order to timely file his election contest, Beam had to file his complaint and security for costs by Friday, September 22. Beam filed the security for costs on Monday, September 25.
Beam claims that the circuit clerk failed, until that day, to set the amount of his bond as required by § 17-15-29. He argues that unless an election contestant is notified of the amount of the bond he must file, he cannot comply with the statutory requirement to give “good and sufficient security for costs.” Dobbins v. City of Anniston, supra, presented a similar situation, yet our supreme court held that the election contest was untimely. Beam invites us to overrule Dobbins, which, of course, we have no authority to do. See § 12-3-16, Ala.Code 1975.
The judgment of the circuit court is affirmed.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ„ concur.