# IN THE SUPREME COURT OF IOWA

No. 68 / 06-1344

Filed July 20, 2007

**IN RE AHST COMMUNITY SCHOOL
DISTRICT PUBLIC MEASURE "B"
ELECTION,**

**CONTESTANTS,**

Appellants.

---

Appeal from the Iowa District Court for Pottawattamie County, J.C. Irvin, Judge.

Contestants appeal the district court's ruling that dismissed their election contest for lack of jurisdiction. **AFFIRMED.**

Joseph D. Thornton and Nathan R. Watson of Smith Peterson Law Firm, LLP, Council Bluffs, for appellants.

Brian L. Gruhn of Gruhn Law Firm, Cedar Rapids, for appellee AHST Community School District.

**APPEL, Justice.**

This dispute arises out of a challenge to a school bond election held on September 13, 2005 in the Avoca-Hancock-Shelby-Tenant Community School District (AHST). At the conclusion of the election, it appeared that the measure had obtained the required sixty percent supermajority by a narrow margin. After a recount and a contest court review failed to reverse the outcome, the plaintiffs filed an action in district court seeking to set aside the result. The district court dismissed the petition for lack of subject matter jurisdiction[1] due to the plaintiffs' failure to timely file a bond with the county auditor. For the reasons set forth below, we affirm the decision of the district court.

## I.  FACTUAL BACKGROUND AND PRIOR PROCEEDINGS.

On September 13, 2005, the eligible voters of the AHST community were asked whether to approve bonds not to exceed $5,420,000 to construct athletic facilities and purchase land for such purposes near the present high school. On September 16, 2005, the Board of Canvassers certified the election results—1175 "yes" votes versus 774 "no" votes. By garnering 60.29% of the vote, the measure met the sixty percent supermajority requirement. *See* Iowa Code §§ 75.1, 296.6 (2005).

Thereafter, the required number of eligible voters requested a recount pursuant to Iowa Code section 50.49. After the recount, the Board of Canvassers determined that one ballot, cast in favor of the bond issue, should be rejected. The one-vote change reduced the percentage in favor of the measure from 60.29% to 60.27%. As a result, the recount did not change the outcome of the election.

---

[1]Despite phrasing by the district court and the parties, "[t]he issue is technically not one of subject matter jurisdiction. . . . The issue is one of jurisdiction of the particular case." *City of Des Moines v. Des Moines Police Bargaining Unit Ass'n*, 360 N.W.2d 729, 730 (Iowa 1985).

On October 6, 2005, the appellants filed a petition with the Pottawattamie County Auditor seeking to convene a "contest court" pursuant to Iowa Code section 62.5. This statutory provision states, "Within twenty days after the board of supervisors declares a winner from the canvas of an election, the contestant shall file with the commissioner a written statement of intention to contest the election." *Id.* § 62.5. The petition, which contested the election based on alleged irregularities in voter registration forms, absentee ballot requests, and absentee ballots, was timely filed.

In addition to filing a timely petition, Iowa law requires that parties challenging an election file a bond. Iowa Code section 62.6 provides, "The contestant must also file with the county auditor a bond, with security to be approved by said auditor, conditioned to pay all costs in case the election be confirmed, or the statement be dismissed, or the prosecution fail." *Id.* § 62.6.

The petition was filed on October 6, 2005—twenty days after the election's certification. The appellants, however, did not file a bond until October 19, 2005. The appellants assert that while the county auditor stated no bond less than $1500 would be approved, the county auditor refused to declare a specific amount until after the statutory period had elapsed. The record shows that negotiations on the precise bond amount occurred between October 6th and, at least, October 12th. Eventually, the county auditor determined that a bond in the amount of $3000 would be approved. Contestants filed a $3000 bond on October 19, 2005.

On February 7, 2006, the contest court convened. AHST challenged the contest court's jurisdiction due to the appellants' failure to file bond by October 6, 2005. The contest court overruled the jurisdictional challenge, however, and proceeded to hear the evidence. After hearing the evidence,

the contest court found that the appellants failed to prove that a sufficient number of ballots were illegally cast to affect the outcome of the election.

The appellants appealed to district court. AHST filed a motion to dismiss for failure to file the required bond in a timely matter. The district court overruled the motion on the ground that it was precluded from looking outside the pleadings in a motion to dismiss. AHST, however, then reasserted the lack of jurisdiction as an affirmative defense in its answer.

The case proceeded to trial. The district court entered its ruling dismissing the case, for lack of jurisdiction, because the appellants failed to file the bond within the time required by law.

Appellants filed a timely appeal, which was expedited by this court.

## II.    STANDARD OF REVIEW.

For actions tried in equity, this court's review is de novo. Iowa R. App. P. 6.4. However, lack of authority or jurisdiction to hear a particular case is reviewed for correction of errors of law. *State v. Oetken*, 613 N.W.2d 679, 686 (Iowa 2000).

## III.    DISCUSSION.

### A.    Strict Compliance Approach to Jurisdiction of Election Challenges in Iowa.

This court has had two occasions to consider the statutory requirement to file bond as security for costs in election challenges. The first was *Haas v. Contest Court,* 221 Iowa 150, 265 N.W. 373 (1936). In *Haas,* the court considered the filing of a bond in an election contest under a precursor to Iowa Code section 62.6. The plaintiffs in *Haas* filed a bond with the Iowa Secretary of State and filed a written notice of their intent to challenge the election before the Board of Canvassers had certified the final result. Both the filing of the bond and the written notice of intention were,

therefore, premature under the applicable statutes. *Hass*, 221 Iowa at 156, 265 N.W. at 376. Once the Board of Canvassers reached a final result, the plaintiffs refiled their written notice of intention, but did not refile the bond. The Secretary of State, however, accepted the bond and approved its amount within the statutory period. *Id.* at 157, 265 N.W. at 376. In *Haas*, we held that the premature filing of the bond did not oust jurisdiction as there was "sufficient compliance" with the statutes. *Id.* at 157, 265 N.W. at 377.

The second case was *de Koning v. Mellema*, 534 N.W.2d 391 (Iowa 1995). In this case, the plaintiffs sought to challenge a school bond election that passed by a slim margin. *De Koning*, 534 N.W.2d at 393. The plaintiff filed the required statement of intention but did not file a bond as required by statute. *Id.* When the plaintiff demanded that the county auditor name a member of the contest court, the county auditor declined on the ground that no bond had been filed. *Id.* The plaintiff then filed an action for mandamus in the district court, seeking to compel the county auditor to appoint a member of the contest board. *Id.*

The district court denied relief on the ground that the bond had not been filed and the plaintiff appealed. *Id.* at 394. The plaintiff asserted that the bond requirement did not apply to the case, that the auditor waived the bond requirement, and that the failure to post bond did not prejudice the auditor and thus the action should not have been dismissed. *Id.* at 396.

In canvassing the applicable legal principles, this court noted that it was "generally recognized that to initiate special proceedings, such as election contest proceedings, the statutory provisions necessary to confer jurisdiction must be strictly complied with by the contestants." *Id.* at 394. The court noted that statutory provisions for election contests granted a

privilege that did not exist at common law and, as a result, the right to bring a challenge was contingent on statutory compliance. *Id.*

Plaintiff contended that because the auditor did not request a bond when the contestants filed their statement of intention, the requirement was waived. *Id.* at 396. This court rejected that argument, noting that the statute clearly placed a duty on the contestants to file the bond and that the auditor was merely the recipient of the election contest statement and not a party to the contest. *Id.*

Finally, this court rejected the notion that the bond requirement could be avoided by a claim of lack of prejudice. The court noted that prejudice to the county auditor is irrelevant as the bond is designed to protect the school district, not the county official. *Id.* In any case, citing *Haas*, the court observed that "the legislature has already determined by the express terms of the statutes that if a bond is not filed within twenty days, prejudice will result." *Id.*

If the approach in *de Koning* and *Haas* were to be applied to the facts of this case, the district court ruling would be affirmed. Iowa Code sections 62.5 and 62.6 are special statutes that confer subject matter jurisdiction on district courts. The rule, as interpreted by this court in *de Koning* and *Haas,* imposes a mandatory requirement on election contestants to file a bond within twenty days of the certification of the results of the challenged election. The contestants in this case simply did not meet the statutory requirement.

Iowa Code section 62.6, however, does not explicitly require the bond to be filed within twenty days of an election's certification. While there is a significant issue of error preservation, we affirm this court's prior holdings in *Haas* and *de Koning*, which extend Iowa Code section 62.5's twenty-day deadline to the filing of bond. First introduced in 1851, the predecessor of

sections 62.5 and 62.6 was contained in a single Code provision, comprised of a single sentence. *See* Iowa Code § 345 (1851). In 1873 the provision was minimally revised. While the filing of an intention to contest and bond remained in a single section, the requirements were divided into two separate sentences. The bond requirement was further amended from "must file . . . bond" to "must *also* file . . . bond." Iowa Code § 697 (1873). It was not until 1924 that these requirements were separated into two provisions. *See* Iowa Code §§ 1024-25 (1924).

The original inclusion of the filing of the intention to contest an election and the filing of a bond in a single section, with one time limit, demonstrates the legislature's intention to require that both be filed within twenty days of an election's certification. Moreover, the later insertion of the word "also" reinforces this interpretation. As a result, we see no reason to depart from *Haas* and *de Koning*—bond must be filed with the county auditor within twenty days of an election's certification.

Appellants, nevertheless, claim that the auditor did not perform her duty in this case. They argue that the auditor refused to "set" the level of the bond in a timely fashion and, as a result, it was impossible to comply with the statute.[2] The statute, however, does not require the auditor to do anything until a bond has been filed. Once a bond has been filed, the auditor is then required to "approve" it. *Merriam-Webster's Collegiate Dictionary* defines approve as "to accept as satisfactory." *Merriam Webster's*

---

[2]Although not presented in this case, we note that there is a distinction between bond and security supporting the bond. *Black's Law Dictionary* defines bond as "[a] written promise to pay money or do some act if certain circumstances occur or a certain time elapses. . . ." *Black's Law Dictionary* 169 (7th ed. 1999). The bond, therefore, required by Iowa Code section 62.6 is merely a written promise to pay the expenses of the election challenge and does not involve a precise calculation of a monetary sum. Security, on the other hand, is the "[c]ollateral given or pledged to guarantee the fulfillment of an obligation. . . ." *Id. at* 1358. The dispute in this case thus is not over the amount of bond, but the amount of security which would be approved by the auditor.

*Collegiate Dictionary* 57 (10th ed. 2002). Clearly, the filing of a bond is a condition precedent to approval by the county auditor.

If an auditor refused to perform his duty after the filing of the bond, a different result might occur. *See O'Loughlin v. Otis,* 276 N.W.2d 38, 40 (Minn. 1979) (suggesting a defect in jurisdiction may not be present if a contestant has done everything within his power to fulfill statutes and a public official either fails or refuses to perform duty). We need not address this question, however, as it is not presented by the facts of this case.

The appellants also argue that because bond was accepted by the auditor and the auditor appointed a member to the contest court, AHST cannot challenge the sufficiency of the bond. In *de Koning,* however, we stated that the county auditor did not have authority to waive jurisdictional defects. *De Koning,* 534 N.W.2d at 396. As a result, the appellants' implicit argument that the auditor waived the statutory requirement is without merit.

### B. Substantial Compliance Approach to Jurisdiction Requirements.

The appellants argue that we should depart from prior precedent and recognize a substantial compliance approach to the timely bond requirement under Iowa Code section 62.6. A number of cases in other jurisdictions have adopted a substantial compliance approach in election law contexts. *See Ex parte Williams,* 613 So. 2d 1266 (Ala. 1993); *Dobbins v. City of Anniston,* 469 So. 2d 583 (Ala. 1985); *Taft v. Cuyahoga County Bd. of Elections,* 854 N.E.2d 472 (Ohio 2006). In addition, there has been academic commentary criticizing courts for requiring literal compliance with bond requirements. Note, *Developments in the Law,* 88 Harv. L. Rev. 1298, 1310-11 (1975) (criticizing literal approach to bond requirements in light of strong public interest in ensuring fairness in elections).

In the cases closest to the present controversy, however, the courts required that election challengers must file *some* kind of bond in a timely fashion to demonstrate substantial compliance. For example, in *Dobbins,* the district court rejected a claim of substantial compliance where the election challengers had difficulty getting authorities to establish the amount of the bond. *Dobbins,* 469 So. 2d at 585. The court reasoned that if a bond in some amount had been filed in a timely fashion, it could later be amended in the event of an untimely refusal to approve the bond by election officials. *Id.* In *Dobbins,* however, no bond of any kind was filed within the statutory time frame. As a result, the *Dobbins* court found there was not substantial compliance with the statute. *Id.*

Similarly, in *Williams,* the election challenger was advised that the filing fee was the equivalent of a bond and, relying upon this advice, did not file a bond. *Williams,* 613 So. 2d at 1267. When the election challenger later attempted to "amend" the filing fee to a bond, the court held that the filing fee was not a bond and that the failure to file a bond in form at least meant that there was an incurable jurisdictional defect. *Id.* at 1267-68.

On the other hand, in *Taft,* the court allowed an election challenge to proceed notwithstanding technical noncompliance with statutory requirements. *Taft,* 854 N.E.2d at 474-75. In that case, however, the election challenger did file a bond (albeit technically deficient and not supported by adequate security) in a timely fashion. *Id.* at 476.

In light of *Dobbins* and *Williams,* even if we were to depart from our precedents in favor of a substantial compliance test for jurisdiction under Iowa Code section 62.6, a fatal defect would still be present under the facts of this case. As a result, it is not necessary for us to address the issue of whether we should depart from the strict construction approach of

*de Koning* and *Haas*. Appellants cannot prevail under either the strict or the substantial compliance approach.

## IV.    CONCLUSION.

For the above reasons, the decision of the district court is affirmed. Under either the traditional strict construction approach to jurisdiction, or under a more forgiving substantial compliance approach, the appellants have not adequately complied with the bond requirement of Iowa Code section 62.6. As a result, the decision of the district court in this matter is affirmed.

**AFFIRMED.**

All justices concur except Larson, J., who takes no part.